DAVID S. BINDER; STATE BAR NO.: 209876
david@binderkal.com
ZENA M. KALIOUNDJI; STATE BAR NO.: 273306
zena@binderkal.com

**BINDER AND KALIOUNDJI, LLP**
**20944 Sherman Way, Suite 215**
**Canoga Park, California 91303**
**(818) 479-7679**
**(818) 479-7690 FAX**

Attorneys for Defendant, FFE TRANSPORTATION SERVICES, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DYLON W. CRONON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FFE TRANSPORTATION SERVICES, INC. dba FROZEN FOOD EXPRESS, a Delaware Corporation and DOES 1-50, inclusive,<br><br>Defendants. | Case No.<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332(d); 1441 AND 1446**<br><br>**[Filed Concurrently With Declarations of Donna Mecom and David Binder]** |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendant, FFE TRANSPORTATION SERVICES, INC., hereby removes to this Court the above-captioned action from

---

**NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C.**
**§§1332(d); 1441; AND 1446**
1

the Superior Court of the State of California in and for the County of San Joaquin, to the United States District Court for the Eastern District of California.

  This removal is based on 28 U.S.C. sections 1332(d); 1441 and 1446.

Dated:  October 19, 2022    BINDER & KALIOUNDJI, LLP


By: *David Binder*
    —————————————
    DAVID S. BINDER
    ZENA KALIOUNDJI
    Attorneys for Defendant,
    FFE TRANSPORTATION SERVICES,
    INC.

**NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C.**
**§§1332(d); 1441; AND 1446**

2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Table of Contents

|  |  | Page(s) |
|---|---|---|
| I. | STATEMENT OF JURISDICTION | 8 |
| II. | VENUE | 8 |
| III. | PLEADINGS, PROCEDURE AND ORDERS | 8 |
| IV. | TIMELINESS OF REMOVAL | 10 |
| V. | JURISDICTION PURSUANT TO CAFA | 10 |
| | A. The Proposed Class Contains More Than 100 Members | 11 |
| | B. Defendant, FFE Transportation Services, Inc. Is Not a Governmental Entity | 12 |
| | C. There Is Diversity Between At Least One Class Member And Defendant | 12 |
| | D. The Total Amount in Controversy Exceeds $5,000,000 | 15 |

**NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§1332(d); 1441; AND 1446**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Table of Authorities**

**Cases**          **Page(s)**

*Behrazfar v. Unisys Corp.*

    687 F.Supp.2d 999, 1001 (C.D. Cal. 2009)         15

*Bellinghausen v. Tractor Supply Co.*

    306 F.R.D. 245, 260 (N.D. Cal. 2015) 24         27

*Chambers v. CVS Pharmacy, Inc.*

    2009 WL 2579661, at *2 (S.D. Cal. Aug. 19, 2009)         26

*Chavez v. JPMorgan Chase & Co.*

    888 F.3d 413, 414-15 (9th Cir. 2018)         27

*Coleman v. Estes Exp. Lines, Inc.*

    730 F.Supp.2d 1141, 1148 (C.D. Cal. 2010)         15

*Dawson v. Hitco Carbon Composites, Inc.*

    2016 WL 7235629, at *8 (C.D. Cal. Dec. 14, 2016)         21

*Duberry v. J. Crew Group, Inc.*,

    2015 WL 4575018, at *6 (C.D. Cal. July 28, 2015)         21

*Fong v. Regis Corp.*

    2014 WL 26996, at *2 (N.D. Cal. Jan. 2, 2014)         18

*Fristoe v. Reynolds Metals Co.*

    615 F.2d 1209, 1213 (9th Cir. 1980)         14

*Fritsch v. Swift Transp. Co. of Ariz., LLC*

    No. 18-55746 (Aug. 18, 2018)         27

*Hertz Corp. v. Friend*

    130 S.Ct. 1181 (2010)         12, 14

*In re Quintus Sec. Litig.*

    148 F. Supp. 2d 967, 973 (N.D. Cal. 2001)         27

**NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C.
§§1332(d); 1441; AND 1446**

*Kanter v. Warner-Lambert Co.*

    265 F.3d 853, 857 (9th Cir. 2001)                      13

*Kantor v. Wellesley Galleries, Ltd.*

    704 F.2d 1088 (9th Cir. 1983)                      12

*Korn v. Polo Ralph Lauren Corp.*

    536 F.Supp.2d 1199, 1205 (E.D. Cal. 2008)         15

*Kroske v. U.S. Bank Corp.*,

    432 F.3d 976, 980 (9th Cir. 2005.)                  26

*LeBlanc v. Cleveland*

    248 F.3d 95, 100 (2d Cir. 2001)                   11

*Lewis v. Verizon Commc'ns, Inc.*,

    627 F.3d 395, 399 (9th Cir. 2010)                 16

*Lowdermilk v. U.S. Bank Nat'l Ass'n*,

    479 F.3d 994, 998 (9th Cir. 2007)              15, 26

*Lundquist v. Precision Valley Aviation, Inc.*

    946 F.2d 8,10 (1st Cir. 1991)                    12

*Muniz v. Pilot Travel Ctrs. LLC*

    2007 WL 1302504, at *2 (E.D. Cal. May 1, 2007)     15

*Ontiveros v. Zamora*,

    303 F.R.D. 356, 363 (E.D. Cal. 2014)            27

*Rhoades v. Progressive Cas. Ins. Co.*

    410 Fed. Appx. 10, 11 (9th Cir. 2010)          16

*Rippee v. Boston Market Corp.*,

    408 F.Supp.2d 982, 986 (S.D. Cal. 2005)         15

*Salverson v. Western States Bankcard Assoc.*

    31 F.2d 1426, 1429 (9th Cir. 1984)              8

**NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C.
§§1332(d); 1441; AND 1446**

*Sanchez v. Wal-Mart Stores, Inc.*

    2007 WL 1345706 at *2 (E.D. Cal. May 8, 2007)         26

*Soliman v. Philip Morris Inc.*

    311 F.3d 966, 971 (9th Cir. 2002)         14

*United Steel, Paper & Forestry, Rubber, Mfg., Energy,*

*Allied Indus. & Serv. Workers Int'l Union, AFL-CIO,*

*CLC v. Shell Oil Co.*

    602 F.3d 1087, 1090-91 (9th Cir. 2010)         11

**Statutes**                                       **Page(s)**

28 U.S.C. § 84(a)         8

28 U.S.C. §§ 1332         28

28 U.S.C. § 1332(a)         14

28 U.S.C. §1332(c)(1)         12

28 U.S.C. §1332(d)         7, 9

28 U.S.C. §§ 1332(d)(1)(B)         7

28 U.S.C. §1332(d)(2)         11

28 U.S.C. §1332(d)(5)(B)         11

28 U.S.C. §1332(d)(6)         14

28 U.S.C. §1332(d)(7)         11

28 U.S.C. §1391(a)         7

28 U.S.C. §1441         7, 28

28 U.S.C. §1441(a)         7, 9, 14

28 U.S.C. §1446         7, 28

28 U.S.C. §1446(b)         9

28 U.S.C. §1447(e)         14

28 U.S.C. §1453                                                                   7, 10, 28

28 U.S.C. §1711-1715                                                              7, 10

California Code of Civ. Proc. §340(a)                                              24

California Labor Code §1197                                                        18

California Labor Code §203                                                        22, 23

California Labor Code §204                                                         23

California Labor Code §226                                                         24

California Labor Code §226 (e)                                                     24

California Labor Code §226.7                                                   20, 22, 23

California Labor Code §510                                                         18

California Labor Code §512                                                         20


**Other Authorities**                                                        **Page(s)**

Class Action Fairness Act of 2005                               7, 9, 12, 15, 16, 27, 29

Senate Judiciary Report, S. REP. 109-14, at 42                                    15

---

**NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C.
§§1332(d); 1441; AND 1446**

## I.      STATEMENT OF JURISDICTION

1.      The case was commenced after the effective date of the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2 (enacted Feb. 18, 2005), codified at 28 U.S.C. §§ 1332(d), 1453 and 1711-1715, and it was brought by a putative representative person on behalf of a proposed class of individuals. (See Compl. ¶¶ 1, 10.)  As such, this matter is a purported class action as that term is defined in 28 U.S.C. §§ 1332(d)(1)(B) and 1453.

2.      This Court has original subject matter jurisdiction over this case based on diversity of citizenship under CAFA because this matter was brought as a class action, diversity of citizenship exists between one or more members of the purported class and FFE Transportation Services, Inc., the number of proposed class members is 100 or greater, and the amount placed in controversy by Plaintiff's Complaint exceeds, in the aggregate, $5,000,000, exclusive of interest and costs.  See 28 U.S.C. §§ 1332(d), 1453.  Removal is therefore proper pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453.

## II.      VENUE

3.      This action was filed in the Superior Court of California for the County of San Joaquin.  Venue properly lies with the United States District Court for the Eastern District of California as the district and division embracing the place where the action is pending.  See 28 U.S.C. §§ 84(a) and 1441(a).  Plaintiff alleges that the liability giving rise to this action arose in this county and a substantial portion of the acts and/or omissions that are the subject matter of the Complaint occurred in this same county.  (Compl. at ¶¶5, 6); 28 U.S.C. §1391(a).

## III.      PLEADINGS, PROCEDURE AND ORDERS

4.      On July 29, 2022, Plaintiff, DYLON CRONON (hereinafter "Plaintiff") commenced the aforementioned action against Defendant by filing a

---

**NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C.
§§1332(d); 1441; AND 1446**

Complaint in the Superior Court of California, County of San Joaquin, titled Dylon W. Cronon v. FFE Transportation Services, Inc. dba Frozen Food Express, et al., Case No. STK-CV-UOE-2022-6572.

5.      Plaintiff brought this action on behalf of all persons who have been employed by Defendant as non-exempt employees or equivalent positions, however titled in the State of California within four (4) years from the filing of the Complaint.  (Compl. ¶10.)

6.      The Complaint asserts ten causes of action: (1) failure to pay wages including overtime (Id. ¶¶60-71); (2) failure to provide meal periods or compensation in lieu thereof (Id. ¶¶ 72-78); (3) failure to provide rest periods or compensation in lieu thereof (Id. ¶¶ 79-84); (4) failure to timely pay wages (Id. ¶¶ 86-89); (5) failure to timely pay wages during employment (Id. ¶¶ 90-95); (6) failure to provide accurate itemized wage statements (Id. ¶¶ 96-100); (7) failure to indemnify necessary business expenses (Id. ¶¶ 101-104); (8) failure to pay vested vacation pay at separation (Id. ¶¶ 105-108); (9) failure to pay reporting time wages (Id. ¶¶ 109-115); and (10) violation of Business & Professions Code §§17200 (Id. ¶¶ 116-121).

7.      Plaintiff has not amended his Complaint to name Doe defendants 1 through 50, nor has he filed or served any documents identifying the Doe defendants or giving notice that the Doe defendants have been served.  (See Binder Decl. ¶7.)

8.      Since the Doe defendants have not been served, they are not required to join or consent to Defendant's Notice of Removal.  *Salverson v. Western States Bankcard Assoc.*, 731 F.2d 1426, 1429 (9th Cir. 1984) [named defendants not yet served in state court action need not join the Notice of Removal.]

---

**NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§1332(d); 1441; AND 1446**

9.     A true and correct copy of the complete case file from the Superior Court of California, County of San Joaquin in this matter, including all pleadings, process, and orders served on the defendant in the State Court action are attached hereto as Exhibit "A".  These documents include:

a.     Proof of Service of Summons and Complaint on FFE Transportation Services, Inc.;

b.     Summons on FFE Transportation Services, Inc.;

c.     Complaint;

d.     Civil Case Cover Sheet;

e.     Notice of Case Assignment and Notice of Hearing; and,

(See Declaration of David Binder, ¶ 4.)

**IV.    TIMELINESS OF REMOVAL**

10.     Defendant was personally served with a copy of the Summons and Complaint on September 19, 2022.  (See Exhibit "A" attached hereto).

11.     This Notice of Removal is timely under 28 U.S.C. §1446(b) because 30 days have not elapsed since the service of the Summons and Complaint.

**V.    JURISDICTION PURSUANT TO CAFA**

12.     CAFA grants federal district courts original jurisdiction over civil class action lawsuits filed under federal or state law with a putative class of more than one hundred members, in which any member of a class of plaintiffs is a citizen different from any defendant, and where the matter in controversy exceeds $5,000,000, exclusive of interest and costs.  See 28 U.S.C. §1332(d).

13.     This Court has jurisdiction over this case under CAFA, and this case may be removed pursuant to the provisions of 28 U.S.C. §1441(a), because it is a civil class action wherein: (A) the proposed class contains at least 100 members; (B) Defendants are not States, State officials or other governmental entities; (C)

---

**NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§1332(d); 1441; AND 1446**

there is diversity between at least one class member and the sole named and served defendant; and (D) the total amount in controversy for all class members exceeds $5,000,000.

A.   The Proposed Class Contains More Than 100 Members

14.   Plaintiff has filed this lawsuit as a proposed wage and hour class action seeking unpaid minimum wages, unpaid overtime, expense reimbursement, liquidated damages equal to the wages unpaid, premium pay for missed meal periods, premium pay for missed rest periods, penalties, attorney's fees, costs, interest.  (Compl. Prayer for Relief at pp. 23-25.)

15.   In Plaintiff's Complaint, he alleges that this action is filed on behalf of "All persons who have been employed by Defendants as Non-Exempt Employees or equivalent positions, however titled, in the state of California within four (4) years from the filing of the Complaint in this action until its resolution. (collectively referred to as the "Class" or "Plaintiff's Class" or "Class Members")."  (Compl. ¶10.)

16.   FFE Transportation Services, Inc. currently operates two service locations in the State of California – one in Ontario, California, and the other in Stockton, California.  (Mecom Decl. ¶18.)  During the four-year time period preceding the filing of the Complaint, **July 29, 2018** until the date of the filing of this Notice of Removal, FFE Transportation Services, Inc. employed a total of approximately 257 employees in California.  (Mecom Decl. ¶19.)  Therefore, based on the putative class as defined by Plaintiff in the Complaint, there are approximately 257 putative class members in this case.

///

///

---

**NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§1332(d); 1441; AND 1446**

B.     Defendant, FFE Transportation Services, Inc. Is Not a Governmental Entity

17.    CAFA does not apply to class actions where the "primary defendants are States, State officials or other governmental entities against whom the district court may be foreclosed from ordering relief."  *See* 28 U.S.C. §1332(d)(5)(B).

18.    Defendant, FFE Transportation Services, Inc. is a licensed Delaware Corporation engaged in the business of transporting goods.  (Mecom Decl. ¶¶ 5, 10.)  It is not a State, State official or other governmental entity exempt from the CAFA.  (Mecom Decl. ¶6.)

C.     There Is Diversity Between At Least One Class Member And Defendant

19.    In order to satisfy CAFA's diversity requirement, a party seeking removal need only show that minimal diversity exists, that is, that one putative class member is a citizen of a state different from that of one defendant.  28 U.S.C. §1332(d)(2); *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co*., 602 F.3d 1087, 1090-91 (9th Cir. 2010) (finding that to achieve its purposes, CAFA provides expanded original diversity jurisdiction for class actions meeting the minimal diversity requirement set forth in 28 U.S.C. § 1332(d)(2)).

20.    Under 28 U.S.C. §1332(d)(7) "citizenship of the members of the proposed plaintiff classes shall be determined for purposes of paragraphs (2) through (6) as of the date of filing of the complaint or amended complaint."

21.    For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled.  *See Kantor v. Wellesley Galleries, Ltd*., 704 F.2d 1088 (9th Cir. 1983); *see also LeBlanc v. Cleveland*, 248 F.3d 95, 100 (2d Cir. 2001)

(citizenship determined at the time the lawsuit is filed); *see also Lundquist v. Precision Valley Aviation, Inc.*, 946 F.2d 8,10 (1st Cir. 1991).   A person's domicile is the place he or she resides with the intention to remain or to which he or she intends to return. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

22.    At the time of the filing of this action Plaintiff was, and still is, both a resident and a citizen of the State of California.  (Compl. ¶6.)

23.    Conversely, Defendant is not a citizen of California. For diversity purposes, a corporation "shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. §1332(c)(1).

24.    To determine a corporation's "principal place of business" for the purpose of diversity jurisdiction, the courts apply the "nerve center" test adopted by the U.S. Supreme Court in *Hertz Corp. v. Friend*, 130 S.Ct. 1181 (2010).  The Court held that the term "principal place of business" in the federal diversity jurisdiction statute refers to the place where a corporation's officers direct, control, and coordinate the corporation's activities, in other words the corporation's "nerve center."  In practice it should normally be the place where the corporation maintains its headquarters, provided that the headquarters is the actual center of direction, control, and coordination, and not simply an office where the corporation holds its board meetings, for example, attended by directors and officers who have traveled there for the occasion.

25.    Defendant is incorporated under the laws of the State of Delaware, and has its corporate headquarters and principal place of business in Texas. (Mecom Decl. ¶¶ 9-11 see Exhibit "B" attached hereto).   Thus, at the time of the filing of the state court action, Defendant was both a citizen of the State of Texas

---

**NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§1332(d); 1441; AND 1446**

13

and of the State of Delaware, and at the time of the instant removal, Defendant is a citizen of the State of Texas and of the State of Delaware.

26.     The Business of FFE: FFE Transportation Services, Inc. is primarily engaged in the business of providing the storage and delivery of temperature controlled goods. (Mecom Decl. ¶5.)

27.     Nerve Center:  FFE Transportation Services, Inc. is incorporated in the State of Delaware, with its corporate headquarters located at 3400 Stonewell Drive, Lancaster, Texas 75134, and corporate officers also located in Texas and Mississippi. (Mecom Decl. ¶¶ 9-11, see Exhibit "B" attached hereto.)

28.     The most recent Statement of Information for FFE Transportation Services, Inc. on file with the California Secretary of State indicates that FFE was incorporated in the State of Delaware with a corporate address in Lancaster, Texas. (Binder Decl. ¶6, see Exhibit "B" attached hereto.)

29.     FFE Transportation Services, Inc.'s annual meetings are held in Lancaster, Texas.  (Mecom Decl. ¶12.)

30.     FFE Transportation Services, Inc.'s executive officers are located and work in Texas.  (Id. ¶13.)

31.     Corporate personnel that direct the daily operations of Defendant are located in Lancaster, Texas.  Thus, administrative functions and the day to day business operations of Defendant are conducted by the following departments which are located in Lancaster, Texas: sales, collection, human resources, payroll, claims, customer relations, safety, marketing, market research, finance / accounting, and legal.  (Id. ¶14.)

32.     Defendant maintains the majority of its business records in Lancaster, Texas.  (Id. ¶15.)

---

**NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§1332(d); 1441; AND 1446**

33.     Decisions regarding corporate policies are made in Lancaster, Texas.  (Id. ¶16.)

34.     FFE Transportation Services, Inc. collects freight charges in Lancaster, Texas.  (Id. ¶17.)

35.     Based upon the facts above, and applying the "nerve center" test described in *Hertz Corp. v. Friend*, Defendants FFE Transportation Services, Inc.'s principal place of business is Lancaster, Texas.

36.     In sum, FFE Transportation Services, Inc. is not and was never a citizen of the State of California.  Plaintiff and FFE Transportation Services, Inc. therefore are "citizens of different States" under 28 U.S.C. § 1332(a).  See also *Hertz Corp. v. Friend*, 559 U.S. 77, 96-97 (2010).

37.     The Complaint also names as defendants "Does 1 to 10," which Plaintiff alleges are individuals or corporate associate of a nature unknown to Plaintiff (Compl. ¶11).  Does 1 to 10 are fictitious defendants which are not parties to this action, are not required to join in a removal petition, and must be disregarded for removal purposes.  See 28 U.S.C. §§ 1441(a) and 1447(e); *Soliman v. Philip Morris Inc.*, 311 F.3d 966, 971 (9th Cir. 2002); *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980).  Thus, the inclusion of "Doe" defendants in Plaintiff's Complaint has no effect on FFE Transportation Services, Inc.'s ability to remove this case to federal court.

D.     The Total Amount in Controversy Exceeds $5,000,000

38.     Pursuant to CAFA, the claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000.00, exclusive of interest and costs.  See 28 U.S.C. § 1332(d)(6).  Congress intended for federal jurisdiction to be appropriate under CAFA "if the value of the matter in litigation exceeds $5,000,000.00 either from

the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (e.g., damages, injunctive relief, or declaratory relief)." Senate Judiciary Report, S. REP. 109-14, at 42.

39.     To satisfy its burden that removal of this action is proper, a defendant only has to demonstrate that it is "more likely than not" that the amount in controversy exceeds the jurisdictional threshold of $5,000,000 in aggregate. Where "the plaintiff fails to plead a specific amount of damages, the defendant seeking removal must prove by a preponderance of the evidence that the amount in controversy requirement has been met." *Behrazfar v. Unisys Corp.*, 687 F.Supp.2d 999, 1001 (C.D. Cal. 2009), quoting *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007); see also *Muniz v. Pilot Travel Ctrs. LLC*, 2007 WL 1302504, at *2 (E.D. Cal. May 1, 2007). "The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe." *Korn v. Polo Ralph Lauren Corp.*, 536 F.Supp.2d 1199, 1205 (E.D. Cal. 2008), citing *Rippee v. Boston Market Corp.*, 408 F.Supp.2d 982, 986 (S.D. Cal. 2005). This "burden is not 'daunting,'" as courts recognize that under this standard, "a removing defendant is not obligated to 'research, state, and prove the plaintiff's claims for damages.'" *Coleman v. Estes Exp. Lines, Inc.*, 730 F.Supp.2d 1141, 1148 (C.D. Cal. 2010), quoting *Muniz*, 2007 WL 1302504, at *7 (emphasis in original). Further, in cases where statutory penalties are sought, courts "have looked to the statutory maximum . . . in determining whether the jurisdictional requirements of the CAFA have been met." *Korn, supra*, 537 F.Supp.2d at 1205.

40.     Moreover, the Senate Judiciary Committee's Report on the final version of CAFA makes clear that any doubts regarding the applicability of CAFA or removal to federal court should be resolved in favor of federal

jurisdiction.  See., e.g., S. REP. 109-14, at 42 ("If a federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of $5,000,000,' the court should err in favor of exercising jurisdiction over the case."); *Id*. at 43 ("Overall, new section 1332(d) is intended to expand substantially federal court jurisdiction over class actions.  Its provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.").

41.    While FFE Transportation Services, Inc. denies Plaintiff's factual allegations and denies that Plaintiff or the putative class he purports to represent are entitled to the relief for which he has prayed, it is clear that, when the maximum potential value of the claims of Plaintiff and the putative class members are aggregated, the allegations within Plaintiff's Complaint put into controversy an amount in excess of $5,000,000.  *See Rhoades v. Progressive Cas. Ins. Co.*, 410 Fed. Appx. 10, 11 (9th Cir. 2010) ("Once the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5 million, . . . then the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much.") *quoting Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 399 (9th Cir. 2010).

42.    As stated above, Plaintiff's Complaint purports to allege the following claims on behalf of himself and 257 current and former employees in California: (1) failure to pay wages including overtime (Id. ¶¶60-71); (2) failure to provide meal periods or compensation in lieu thereof (Id. ¶¶ 72-78); (3) failure to provide rest periods or compensation in lieu thereof (Id. ¶¶ 79-84); (4) failure to timely pay wages (Id. ¶¶ 86-89); (5) failure to timely pay wages during employment (Id. ¶¶ 90-95); (6) failure to provide accurate itemized wage

statements (Id. ¶¶ 96-100); (7) failure to indemnify necessary business expenses (Id. ¶¶ 101-104); (8) failure to pay vested vacation pay at separation (Id. ¶¶ 105-108); (9) failure to pay reporting time wages (Id. ¶¶ 109-115); and (10) violation of Business & Professions Code §§17200 (Id. ¶¶ 116-121).

43.    Plaintiff alleges that the relevant time period applicable to his claims is four years preceding the filing of this action and continuing through the date of judgment in this action. (Compl. ¶10.) During the four-year time period preceding the filing of the Complaint, July 29, 2018 until the date of the filing of this Notice of Removal, FFE Transportation Services, Inc. employed a total of 257 hourly employees in California.  (Mecom Decl. ¶19.)

44.    From July 29, 2018 to present, the total amount of workweeks worked by the putative class is 9,717 weeks.  (Id. ¶22.)

45.    **Plaintiff's First Cause of Action for Failure to Pay Wages Including Overtime:** In the first cause of action, Plaintiff seeks recovery of unpaid earned wages for each hour worked including overtime at the rate of 1.5 times the regular rate of pay for hours worked in excess of 8 hours per day or 40 hours per week and overtime at the rate of 2 times the regular rate for hours worked in excess of 12 in a day. (Compl. ¶¶ 60-71.)  Specifically, Plaintiff alleges that Plaintiff and the Class Members consistently worked in excess of 8 hours in a day and/or 40 hours in a week and were not paid for minimum and overtime wages. (Compl. ¶¶29, 66, 67.)  Plaintiff further alleges that Defendant did not properly calculate Plaintiff's and the Class Members' regular rate by failing to include all forms of compensation.  (Compl., ¶30.)

46.    Plaintiff further alleges that he was required to perform post-shift activities after clocking out for which he was not compensated.  (Compl., ¶34.) Plaintiff further alleges that he was required to work during meal periods.

**NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§1332(d); 1441; AND 1446**
18

(Compl., ¶¶36, 37.)  Plaintiff further alleges that he was required to carry a company radio that was required to be on at all times and interrupted his meal and rest periods.  (Compl., ¶48.)

47.   California Labor Code §1197 and corresponding Wage Order requires that employees be paid the minimum wage for all hours worked. Pursuant to California Labor §510, employees are entitled to be paid overtime compensation at the rate of 1.5 times the regular rate of pay for hours worked in excess of 8 hours per day or 40 hours per week and overtime at the rate of 2 times the regular rate for hours worked in excess of 12 in a day.

48.   Plaintiff does not allege exactly the total amount of time that he worked and for which he was not paid his hourly wage.  Plaintiff also does not allege exactly the total amount of time that he worked and for which he was not paid an overtime rate.  Plaintiff does however allege that he "consistently" worked overtime (Compl., ¶66) and he was "consistently" required to perform post shift activities.  (Compl., ¶34.) Plaintiff alleges that he and the Class Members kept similar schedules.  (Compl., ¶28.)  Plaintiff alleges that he and the class "typically" worked 6 days / week.  (Compl., ¶27.)  Plaintiff alleges that on a frequent basis he was clocked out for a meal break and was not allowed to clock back in for one hour.  (Compl., ¶38.)

49.   When measuring the amount in controversy, "a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaints."  *See Fong v. Regis Corp*., 2014 WL 26996, at *2 (N.D. Cal. Jan. 2, 2014).  Accepting Plaintiff's allegations as true, and based on the verbiage of the Complaint – e.g. that Plaintiff and the Class had similar schedules; typically worked 6 days / week; consistently worked

off the clock; and consistently worked overtime, it would be reasonable to calculate that the putative class members are owed wages as follows:

a.  3 hours of regular wages / week for work performed during meal breaks.

b.  3.5 hours of regular wages / week for work performed off the clock after the work shift ended.

c.  5 hours of overtime at the rate of 1.5 times the regular rate for work performed each week.

d.  1 hour of overtime at the rate of 2 times the regular rate for work performed each week.

50.  At the time Plaintiff's employment ended on August 3, 2021, he earned approximately $24.00 per hour.  (Mecom Decl. ¶20.)  The average hourly wage of non-exempt employees in California is from July 29, 2018 to present $19.33.  (Mecom Decl. ¶21.)

51.  Plaintiff is not claiming a specific amount of damages under his first cause of action; however, Plaintiff is claiming that he and the putative class members are entitled to unpaid wages, attorneys fees and liquidated damages. (Compl. Prayer, P. 23.)

52.  Under Plaintiff's theory of the case, estimating class members were not paid wages for 6.5 hours worked / week; were not paid single overtime for 5 hours / week; and were not paid double overtime for 1 hour / week, denied a timely meal period 3 times per typical work week, the potential amount of unpaid wages owed to Plaintiff and the class members would be:

Regular Wages: 6.5 hours / week (x) 9717 weeks (x) $19.33 = $1,220,892.47.

Single Overtime Wages: 5 hours / week (x) 9717 weeks (x) $29.00 = $1,408,965.

Double Overtime Wages: 1 hour / week (x) 9717 weeks (x) $38.66 = $375,659.224

Total: $3,005,516.69.

 (Binder Decl. ¶¶11,12.)

53.     **Plaintiff's Second Cause of Action for Failure to Authorize and Provide Meal Periods:** In his second cause of action, Plaintiff seeks unpaid meal period premiums pursuant to California Labor Code §§ 226.7 and 512.  (Compl. ¶¶ 72-78.)  California Labor Code § 512 provides that an employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes.  If an employer fails to provide meal a period as required by law, the employer shall pay "one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period was not provided."  Labor Code §226.7.

54.     Plaintiff does not allege exactly how many meal periods class members were not provided, but alleges that "as a consequence of Defendants' staffing and scheduling practices, work demands, and Defendants' policies and practices, Defendants frequently failed to provide Plaintiff and Class Members timely, legally complaint [sic] uninterrupted 30-minute meal periods on shifts over five hours as required by law."  (Compl., ¶35.)  Plaintiff makes a similar allegation with regard to second meal periods for shifts over 10 hours.  (Compl., ¶39.)  Plaintiff further alleged that Class Members were required to work during meal periods (Compl., ¶36) and he was required to carry a radio and be on call during breaks. (Compl., ¶48.)

---

**NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§1332(d); 1441; AND 1446**

55.     Based on Plaintiff's allegations, it would be reasonable to assume a 100% violation rate.   However, Defendant will adopt a more conservative approach and assume a 75% violation rate which has been deemed reasonable based on "policy and practice" allegations.   *See Dawson v. Hitco Carbon Composites, Inc.*, 2016 WL 7235629, at *8 (C.D. Cal. Dec. 14, 2016) "Allegations of a "uniform policy," "systematic scheme," and violations occurring at "all material times" are the types of allegations found sufficient to assume a 100% violation rate." quoting *Duberry v. J. Crew Group, Inc.*, 2015 WL 4575018, at *6 (C.D. Cal. July 28, 2015).

56.     Thus, under Plaintiff's theory of the case, estimating class members denied a meal period 4.5 times per typical work week (alleged to be 6 days / week), the potential amount in controversy under Section 226.7 would be: $19.33 per hour (average hourly pay rate) multiplied by 4.5 occasions per week multiplied by 9717 weeks (total weeks worked by putative class members July 29, 2018 to present) = $845,233.25.  (Binder Decl. ¶¶13-16.)

57.     **Plaintiff's Third Cause of Action for Failure to Authorize and Provide Rest Periods:** In his third cause of action, Plaintiff seeks unpaid rest period premiums pursuant to California Labor Code §226.7.  (Compl. ¶¶ 79-84.) Specifically, Plaintiff alleges that "Defendants created a working environment in which Plaintiff and Class Members were not provided all of their rest periods dur to shift scheduling and/or work related demands placed upon them by Defendants to meet the needs of Defendants' business.  (Compl., ¶82.)  Plaintiff alleges that the polices and practices resulted in a systematic and class-wide violations of the Labor Code.  (Id.)  Plaintiff alleges that Class Members were required to forego rest periods and they also were not permitted third rest periods when they worked over 10 hours.  (Compl., ¶45.)  Plaintiff alleges that Class Members were

consistently not allowed to leave the premises during 10 minute breaks.  (Compl., ¶47.)

58.     In California, the Industrial Welfare Commission Wage Orders require that employers must authorize and permit non-exempt employees to take a rest period that must, insofar as practicable, be taken in the middle of each work period. The rest period is based on the total hours worked daily and must be at the minimum rate of a net ten consecutive minutes for each four-hour work period, or major fraction thereof.  Under California Labor Code §226.7, if an employer fails to provide an employee a rest period in accordance with a state law, including, but not limited to, an applicable statute or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

59.     Thus, under Plaintiff's theory of the case, estimating class members denied a rest period 4.5 times per typical work week (alleged to be 6 days / week), the potential amount in controversy under Section 226.7 would be: $19.33 per hour (average hourly pay rate) multiplied by 4.5 occasions per week multiplied by 9717 weeks (total weeks worked by putative class members July 29, 2018 to present) = $845,233.25.  (Binder Decl. ¶¶17,18.)

60.     **Plaintiff's Fourth Cause of Action for Failure to Timely Pay Wages:**  In his fourth cause of action, Plaintiff seeks waiting time penalties for severed employees under California Labor Code §203. (Compl. ¶¶ 85-89.)  Under Section 203, terminated employees who are not paid all wages owed at the time of termination may recover a penalty that is equal to their daily wage up to a maximum of 30 days.  Cal. Labor Code §203.

61.     From July 29, 2018 to present, 183 employees were terminated or resigned.  (Mecom Decl. ¶25.)

62.     Under Plaintiff's theory of the case, the potential amount in controversy under Section 203 would be: $19.33 per hour (average hourly pay rate) multiplied by 8 (average hours worked per day) multiplied by 30 (maximum waiting time penalty) multiplied by 183 (number of severed California employees during the Class period) = $848,973.60. (Binder Decl. ¶¶19,20.)

63.     **Plaintiff's Fifth Cause of Action for Failure to Timely Pay Wages During Employment:**  In the fifth cause of action, Plaintiff is seeking remedies for the untimely payment of wages under California Labor Code §204 which provides that an employer shall pay all earned wages twice during each calendar month.  Plaintiff alleges that Defendant intentionally and willfully failed to pay Plaintiff and other class members wages due to them.  (Compl. ¶94.)  Plaintiff's prayer for relief requests statutory penalties.

64.     In California, an employer who violates California Labor Code §204 shall pay $100 for each failure to pay each employee for "any initial violation" and $200 for each failure to pay each employee, plus 25% of the amount wrongfully withheld."  Labor Code §210(a).   The statute of limitations for a claim under § 210(a) is one year.  Cal. Code of Civ. Proc. §340(a).

65.     During the one-year time period preceding the filing of the Complaint, July 29, 2021 until the date of the filing of this Notice of Removal, there were a total of 3041 workweeks.   (Mecom Decl. ¶23.)

66.     Putative class members are paid weekly. (Id. ¶24.) Thus, during the time period of July 29, 2021 to present, the total number of weekly pay periods for the class is 3,041.

---

67.     Plaintiff does not state the number of times or how often Plaintiff or class members were not paid wages timely.  Averaging a violation rate of 25% there would be a total of 3,041 (x) 0.25 = 760.25 violations.  While the majority of the 760.25 would be considered subsequent violations, if the calculation is done using 50% as initial violations and 50% as subsequent violations the penalties would be as follows: 380.125 (x) $100 and 380.125 (x) $200 = $114,037.50.  (Binder Decl. ¶¶ 21-23.)

68.     **Plaintiff's Sixth Cause of Action for Failure to Provide Accurate Itemized Wage Statements:**  In his sixth cause of action, Plaintiff seeks statutory penalties for Defendant's alleged failure to provide accurate wage statements in violation of California Labor Code §226.  (Compl. ¶¶96-100.)  Under Section 226(e), an injured employee can recover actual damages or penalties of $50 for the initial pay period in which a violation occurs and $100 for each violation in a subsequent period (up to an aggregate penalty of $4,000) for a knowing and intentional violation.  Cal. Labor Code § 226(e).  The statute of limitations for a claim under §226(e) is one year.  Cal. Code of Civ. Proc. §340(a).

69.     Putative class members are paid on a weekly basis.  (Mecom Decl. ¶24.)  The number of weeks worked by FFE Transportation Services, Inc.'s non-exempt employees in California from July 29, 2021 to present is 3,041.  (Mecom Decl. ¶23.)  Therefore, there would be 3,041 pay periods during the period of July 29, 2021 to present.

70.     Plaintiff does not state the number of times or how often Plaintiff or class members did not receive accurate wage statements.  Averaging a violation rate of 25% there would be a total of 3,041 (x) 0.25 = 760.25 violations.  While the majority of the 760.25 would be considered subsequent violations, if the calculation is done using 50% as initial violations and 50% as subsequent

violations the penalties would be as follows: 380.125 (x) $50 and 380.125 (x) $100 = $57,018.75.  (Binder Decl. ¶¶ 24-26.)

71.     **Plaintiff's Seventh Cause of Action for Failure to Indemnify Necessary Business Expenses:**  In his seventh cause of action, Plaintiff seeks expense reimbursement Defendant's alleged failure to reimburse Plaintiff and the class for the personal use of their vehicle.  (Compl., ¶102.)  Plaintiff also alleges that he and the class were regularly required to use their cell phone for work related purposes.  (Compl., ¶53.)  Plaintiff does not allege an amount of money and does not provide details regarding the alleged use of his vehicle and phone.

72.     Estimating a violation rate of 25% during the class period of 9,717 weeks, with a reimbursement rate of $10 / week for cell phone and $10 / week for vehicle use, the claim for expense reimbursement can be calculated as follows: 9717 (x) 0.25 (x) $10 = $24,292.50 for the cell phone reimbursement and 9717 (x) 0.25 (x) $10 = $24,292.50 for automobile use.  The total expense reimbursement would be: $48,585.  (Binder Decl. ¶¶ 27-28.)

73.     **Plaintiff's Eighth Cause of Action for Failure to Pay Vested Vacation Pay:**  In his eighth cause of action, Plaintiff alleges that Defendant did not pay vested vacation at the time of employment separation.  seeks expense reimbursement Defendant's alleged failure to reimburse Plaintiff and the class for the personal use of their vehicle.  (Compl., ¶102.)  Plaintiff also alleges that he and the class were regularly required to use their cell phone for work related purposes.  (Compl., ¶53.)  Plaintiff does not allege an amount of money and does not provide details regarding the alleged use of his vehicle and phone.

74.     During the class period, there were 183 employees that ended their employment.  (Mecom Decl., ¶ 25.)  A review of the payroll records for the 183 employees reflects a total value of the accrued and unused vacation for all 183

employees of $229,587.  Plaintiff alleges that he and the class were not paid vested vacation at the time of employment separation.  Therefore, the total value of Plaintiff's claim for unpaid vested vacation is $229,587.10.  (Mecom Decl. ¶¶ 25-26.)

75.    **Plaintiff's Ninth Cause of Action for Failure to Pay Reporting Time Wages:**  In his Ninth cause of action, Plaintiff alleges that he and the class were sent home early after working 2 hours of their regularly scheduled shifts.  (Compl., ¶¶54, 114, 115.)  Plaintiff alleges that he and the class are entitled to receive half of their scheduled shift.  (Compl., ¶¶54, 114, 115.)  Plaintiff does not allege the number of times that he was sent home early.

76.    Estimating that Plaintiff and the class 8 hour shifts so if they were sent home early, they were entitled to an additional 2 hours of pay for each day they were sent home.  Plaintiff's Complaint alleges a 6-day work week.  (Compl., ¶27.)  Estimating that Plaintiff and the class were sent home early 5% of the time, there would be 5% (x) 6 days / week (x) 9717 weeks = 2,915 days when employees were sent home early.  If employees are alleging an additional 2 hours of pay at $19.33 / hour = $112,697.77.  (Binder Decl., ¶¶29-30.)

77.    Plaintiff Also Seeks Recover of Attorneys' Fees.  "Where a statutory authority provides for attorney's fees, the fees are included in the amount in controversy to reach CAFA's $5,000,000 minimum."  *Chambers v. CVS Pharmacy, Inc*. 2009 WL 2579661, at *2 (S.D. Cal. Aug. 19, 2009), citing *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 1000 (9th Cir. 2007); see also *Sanchez v. Wal-Mart Stores, Inc*., 2007 WL 1345706 at *2 (E.D. Cal. May 8, 2007) ("Attorney's fees, if authorized by statute or contract, are also part of the calculation.")  citing *Kroske v. U.S. Bank Corp*., 432 F.3d 976, 980 (9th Cir. 2005.)  In assessing whether a case meets the amount-in-controversy threshold

under the CAFA "the amount in controversy is not limited to damages incurred prior to removal – for example it is not limited to wages a plaintiff-employee would have earned before removal (as opposed to after removal)," but rather "is determined by the complaint operative at the time of removal and encompasses all relief a court may grant on that complaint if the plaintiff is victorious." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414-15 (9th Cir. 2018); see also *Fritsch v. Swift Transp. Co. of Ariz., LLC*, No. 18-55746 (Aug. 18, 2018).

78.    In his Complaint, Plaintiff seeks attorney's fees pursuant to statute and all other applicable law.  (See Compl. ¶¶ 71, 78, 84, 104, 121.)  Estimating Plaintiff can recover on his claims, he would most likely assert entitlement to attorneys' fees of at least 25% of the total recovery.  Indeed, it is well established in the Ninth Circuit that the benchmark for setting attorneys' fees in the class action context is 25% of the common fund.  See *Bellinghausen v. Tractor Supply Co.*, 306 F.R.D. 245, 260 (N.D. Cal. 2015), citing *Ontiveros v. Zamora*, 303 F.R.D. 356, 363 (E.D. Cal. 2014); *In re Quintus Sec. Litig.*, 148 F. Supp. 2d 967, 973 (N.D. Cal. 2001).  Based on the above estimated amounts for Plaintiff's claims which total $6,106,882.81, Plaintiff's expected recovery in attorney's fees would be at least $1,526,720.71.  (Binder Decl. ¶32.)

79.    Summary of Amount in Controversy for Plaintiff's civil action.  Although FFE Transportation Services, Inc. denies Plaintiff's factual allegations or that he or the putative class he purports to represent are entitled to the relief for which he has prayed, based on Plaintiff's allegations and prayer for relief, the amount in controversy clearly exceeds the $5,000,000 threshold set forth under 28 U.S.C. § 1332(d)(2).  Based on the very conservative calculations outlined above, the total amount in controversy is as follows: (a) unpaid wages – $3,005,516.69; (b) meal period premiums – $845,233.25; (c) rest period

premiums - $845,233.25; (d) untimely payment of wages at employment separation – $848,973.60; (e) untimely payment of wages during employment - $114,037.50; (f) wage statement penalties – $57,018.75; (g) unreimbursed business expenses – $48,585; (h) unpaid vested vacation - $229,587; (i) reporting time pay - $112,697.77; and (j) attorneys' fees –$1,526,720.71.  These amounts total $7,633,603.51, which far exceeds the $5,000,000 threshold amount required by CAFA.  (Binder Decl. ¶33.)

80.    For all the foregoing reasons, Defendant respectfully submits that the State Court Action is removable to this Court under 28 U.S.C. §§ 1332, 1441, 1446, and 1453.

WHEREFORE, Defendant FFE Transportation Services, Inc. prays that this action stands and remains removed from the Superior Court to this Court.

Dated:  October 19, 2022                    BINDER & KALIOUNDJI, LLP


By:  *David Binder*
_____
DAVID S. BINDER
ZENA M. KALIOUNDJI
Attorneys for Defendant
FFE TRANSPORTATION
SERVICES, INC.

# EXHIBIT "A"

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

FFE TRANSPORTATION SERVICES, INC. dba FROZEN FOOD
EXPRESS, a Delaware Corporation and DOES 1-50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

DYLON W. CRONON, individually and on behalf of all others similarly
situated,



FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

2022 JUL 29  AM 11: 35

BRANDON E. RILEY CLERK
BY
DEPUTY

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es:)*  San Joaquin Superior Court<br><br>180 E Weber Ave., Ste 200<br>Stockton, CA 95202 | CASE NUMBER<br>*(Número del Caso):*<br>STK-CV-UOE-2022- 6572 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
JAMES HAWKINS APLC, 9880 Research Drive, Suite 200, Irvine CA 92618; (949) 387-7200

| | | | |
|---|---|---|---|
| DATE:<br>*(Fecha)*  **JUL 2 9 2022** | **BRANDON E. RILEY** | Clerk, by<br>*(Secretaria)* | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |

BY FAX

CM-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>JAMES HAWKINS APLC.   James R. Hawkins (#192925); Gregory Mauro (# 222239);<br>Michael Calvo (# 314986); Lauren Falk (#316893); Ava Issary (#342252)<br>9880 Research Drive, Suite 200, Irvine, California 92618 | FOR COURT USE ONLY |
| TELEPHONE NO.: 949-387-7200   FAX NO. *(Optional):*<br>ATTORNEY FOR *(Name):* DYLON W. CRONON | FILED<br>2022 JUL 29 AM 11: 35<br>BRANDON E. RILEY, CLERK<br>Jindy BY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN JOAQUIN
STREET ADDRESS: 180 E. Weber Ave, Suite 200
MAILING ADDRESS:
CITY AND ZIP CODE: Stockton, CA 95202
BRANCH NAME:

CASE NAME:
DYLON W. CRONON vs. FFE TRANSPORTATION SERVICES, INC.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: STK-CV-UOE-2022-6572 |
|---|---|---|---|---|
| [x] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000) | [ ] Counter | [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [x] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [x] is [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [x] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [x] Substantial amount of documentary evidence
   d. [x] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify):* 10
5. This case [x] is [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 7/28/2022
Gregory Mauro, Esq.
_____
(TYPE OR PRINT NAME)                        ▶ _____
                                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courts.ca.gov |

BY FAX

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**                    CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases, only parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*
**Other PI/PD/WD (Personal Injury/**
**Property Damage/Wrongful Death)**
**Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
        Wrongful Death
Product Liability *(not asbestos or
    toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice–
        Physicians & Surgeons
    Other Professional Health Care
        Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip
        and fall)
    Intentional Bodily Injury/PD/WD
        (e.g., assault, vandalism)
    Intentional Infliction of
        Emotional Distress
    Negligent Infliction of
        Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
    Practice (07)
Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
Defamation (e.g., slander, libel)
    (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
        *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
        Contract *(not unlawful detainer
            or wrongful eviction)*
    Contract/Warranty Breach–Seller
        Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
        Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
        Case
Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
    Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
        domain, landlord/tenant, or
        foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
        Case Matter
    Writ–Other Limited Court Case
        Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
        Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.**
**Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of
        County)
    Confession of Judgment *(non-
        domestic relations)*
    Sister State Judgment
    Administrative Agency Award
        *(not unpaid taxes)*
    Petition/Certification of Entry of
        Judgment on Unpaid Taxes
    Other Enforcement of Judgment
        Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
        harassment)*
    Mechanics Lien
    Other Commercial Complaint
        Case *(non-tort/non-complex)*
    Other Civil Complaint
        *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
        Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
        Claim
    Other Civil Petition

CM-010 [Rev. July 1, 2007]                    **CIVIL CASE COVER SHEET**                    Page 2 of 2

1  JAMES HAWKINS APLC
2  James R. Hawkins, Esq. (#192925)
   Gregory Mauro, Esq. (#222239)
3  Michael Calvo, Esq. (#314986)
   Lauren Falk, Esq. (#316893)
4  Ava Issary, Esq. (#342252)
   9880 Research Drive, Suite 200
5  Irvine, CA 92618
   Tel.: (949) 387-7200
6  Fax: (949) 387-6676
   Email: James@jameshawkinsaplc.com
7  Email: Greg@jameshawkinsaplc.com
   Email: Michael@jameshawkinsaplc.com
8  Email: Lauren@jameshawkinsaplc.com
   Email: Ava@jameshawkinsaplc.com
9
   Attorneys for Plaintiff DYLON W. CRONON,
10 Individually and on behalf of all others similarly situated,

11          **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
                  **FOR THE COUNTY OF SAN JOAQUIN**
12

13 DYLON W. CRONON, individually and on      CASE NO.:
   behalf of all others similarly situated,
14                                            **CLASS ACTION COMPLAINT**
15                      Plaintiff,            **PURSUANT TO CALIFORNIA CODE OF**
                                              **CIVIL PROCEDURE §382 FOR:**
16            v.                              1.   Failure to Pay Wages Including
                                                   Overtime as Required by Labor Code
17 FFE TRANSPORTATION SERVICES, INC.               §§ 510 and 1194;
   dba FROZEN FOOD EXPRESS, a Delaware       2.   Failure to Provide Meal Periods as
18 Corporation and DOES 1-50, inclusive,          Required by Labor Code §§ 226.7, 512
                                                   and IWC Wage Orders;
19                      Defendants.           3.   Failure to Provide Rest Periods as
                                                   Required by Labor Code §§ 226.7, 512;
20                                            4.   Failure to Pay Timely Wages Required
                                                   by Labor Code § 203;
21                                            5.   Failure to Timely Pay Wages During
                                                   Employment Required by Labor Code §
22                                                 204;
                                              6.   Failure to Provide Accurate Wage
23                                                 Statements Required by Labor Code §§
                                                   226, 226.3, 558.1;
24                                            7.   Failure to Reimburse Necessary
                                                   Business Expenses Required by Labor
25                                                 Code § 2802;
                                              8.   Failure to Pay Vesting Vacation Pay as
26                                                 required by Labor Code § 227.3;
                                              9.   Failure to Pay Reporting Time Pay; and
27                                            10.  Violation of Business & Professions
                                                   Code § 17200, et seq.
28                                            **DEMAND FOR JURY TRIAL**

---

CLASS ACTION COMPLAINT

1 │ Plaintiff DYLON W. CRONON ("Plaintiff"), individually and on behalf of all others similarly

2 │ situated (hereinafter collectively referred to as the "Class" or "Class Member"), hereby files this

3 │ Complaint against Defendants FFE TRANSPORTATION SERVICES, INC. dba FROZEN FOOD

4 │ EXPRESS, a Delaware Corporation and DOES 1-50, inclusive (collectively "Defendants") and

5 │ alleges on information and belief as follows:

6 │ **I.   JURISDICTION AND VENUE**

7 │     1.     This class action is brought pursuant to California Code of Civil Procedure § 382.

8 │ The monetary damages and restitution sought by Plaintiff exceed the minimum jurisdiction limits

9 │ of the California Superior Court and will be established according to proof at trial.

10 │     2.     This Court has jurisdiction over this action pursuant to the California Constitution

11 │ Article VI §10, which grants the California Superior Court original jurisdiction in all causes

12 │ except those given by statute to other courts.  The statutes under which this action is brought do

13 │ not give jurisdiction to any other court.

14 │     3.     This Court has jurisdiction over Defendants because, upon information and belief,

15 │ each Defendant either has sufficient minimum contacts in California, or otherwise intentionally

16 │ avails itself of the California market so as to render the exercise of jurisdiction over it by the

17 │ California Courts consistent with traditional notions of fair play and substantial justice.

18 │     4.     The California Superior Court also has jurisdiction in this matter because the

19 │ individual claims of the members of the Classes herein are under the seventy-five thousand dollars

20 │ ($75,000.00) jurisdictional threshold for Federal Court and the aggregate claim, including attorneys'

21 │ fees, is under the five million dollars ($5,000,000.00) threshold of the Class Action Fairness Act of

22 │ 2005.  Further, there is no federal question at issue, as the issues herein are based solely on California

23 │ statutes and law, including the Labor Code, IWC Wage Orders, CCP, California Civil Code ("CC")

24 │ and B&PC.

25 │     5.     Venue is proper in this Court because upon information and belief, one or more of

26 │ the Defendants, reside, transact business, or have offices in this County and/or the acts or

27 │ omissions alleged herein took place in this County.

28 │

- 1 -
CLASS ACTION COMPLAINT

## II.   PARTIES

6.      Plaintiff, DYLON W. CRONON, was at all times relevant to this action, a resident of California.  Plaintiff was employed by Defendants during July 2019 as a Non-Exempt Employee with the title of Yard Hostler and Dock Worker. Plaintiff worked during the liability period for Defendants, at Defendants' Stockton location until Plaintiff's separation from Defendants' employ in approximately August 2021.  Plaintiff's duties included but were not limited to moving trailers and making sure dock trailers were clean.

7.      Defendant, FFE TRANSPORTATION SERVICES, INC., is a Delaware corporation doing business as FROZEN FOOD EXPRESS, Inc. Defendant is a transportation business that transports frozen and chilled foods. Defendant operates in the California cities of Ontario and Stockton, as well as twelve other locations nationwide. Plaintiff estimates there are in excess of one hundred (100) Non-Exempt Employees who work or have worked for Defendants over the last four years.

8.      Other than identified herein, Plaintiff is unaware of the true names, capacities, relationships, and extent of participation in the conduct alleged herein, of the Defendants sued as DOES 1 through 50, but is informed and believes and thereon alleges that said defendants are legally responsible for the wrongful conduct alleged herein and therefore sues these defendants by such fictitious names.  Plaintiff will amend this complaint when their true names and capabilities are ascertained.

9.      Plaintiff is informed and believes and thereon alleges that each defendant, directly or indirectly, or through agents or other persons, employed Plaintiff and other members of the Class, and exercised control over their wages, hours, and working conditions.  Plaintiff is informed and believes and thereon alleges that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other defendants.

## III. CLASS ACTION ALLEGATION

10.   Plaintiff brings this action individually and on behalf of all others similarly situated as a class action pursuant to Code of Civil Procedure § 382.   The members of the Class are defined as follows:

> All persons who have been employed by Defendants as Non-Exempt Employees or equivalent positions, however titled, in the state of California within four (4) years from the filing of the Complaint in this action until its resolution. (collectively referred to as the "Class" or "Plaintiff's Class" or "Class Members").

11.   Plaintiff also seeks to represent the subclass(es) composed of and defined as follows:

> **Sub-Class 1:** All Class Members who were not provided paid overtime and minimum wages by Defendants (hereinafter collectively referred to as the "Overtime Subclass").

> **Sub-Class 2:** All Class Members who are or were employed by Defendants who worked in excess of six or ten hours in a work day but were not provided with a timely, uninterrupted, duty-free thirty-minute meal period (hereinafter collectively referred to as the "Meal Period Subclass").

> **Sub-Class 3:** All Class Members who are or were employed by Defendants who worked in excess of three and a half (3.5) or ten hours in a work day but were not authorized and permitted a rest period (hereinafter collectively referred to as the "Rest Period Subclass").

> **Sub-Class 4:** All Class Members who have been employed by Defendants at any time between July 2019 and the present and have separated their employment (hereinafter collectively referred to as the "Waiting Time Penalty Subclass").

> **Sub-Class 5:** All Class Members who are or were employed by Defendants at any time between July 2021 and the present and who received wage statements from Defendants (hereinafter collectively referred to as the "Wage Statement Subclass").

> **Sub-Class 6:** All Class Members who did not receive reimbursement for necessary business expenses from Defendants. (hereinafter collectively referred to as the "Business Reimbursement Subclass").

> **Sub-Class 7:** All Class Members who did not receive Reporting Time Pay from Defendants. (hereinafter collectively referred to as the "Reporting Time Pay Subclass").

> **Sub-Class 8:** All Class Members who are or were employed by Defendants and subject to Defendant's Unfair Business Practices (hereinafter collectively referred to as the "Unfair Business Practice Subclass").

12.   Plaintiff reserves the right under California Rule of Court 3.765(b) and other

- 3 -
CLASS ACTION COMPLAINT

1  applicable laws to amend or modify the class definition with respect to issues or in any other

2  ways. Plaintiff is a member of the Class as well as each of the Sub-Classes.

3        13.    The term "Class" includes Plaintiff and all members of the Class and each of the

4  Sub-Classes, if applicable. Plaintiff seeks class-wide recovery based on the allegations set forth in

5  this complaint.

6        14.    There is a well-defined community of interest in the litigation and the proposed

7  Class is easily ascertainable through the records Defendants are required to keep.

8        15.    <u>Numerosity</u>. The members of the Class are so numerous that individual joinder

9  of all of them as Plaintiff is impracticable.  While the exact number of the Class members is

10  unknown to Plaintiff at this time, Plaintiff is informed and believes and thereon alleges that there

11  are at least 100 (one hundred) Class members.

12        16.    <u>Commonality</u>. Common questions of law and fact exist as to all Class members

13  and predominate over any questions that affect only individual members of the Class.  These

14  common questions include, but are not limited to:

15        i.    Whether Defendants failed to pay minimum wage compensation to Plaintiff

16  and Class Members for all hours worked;

17        ii.    Whether Defendants failed to accurately pay all wages including overtime

18
19  to Plaintiff and Class Members;

20        iii.    Whether Defendants failed to timely pay wages pursuant to Labor Code

21  sections 201-204;

22        iv.    Whether Defendants violated California Labor Code §§ 226.7, 512, and

23  applicable IWC Wage Orders, by failing to authorize and permit daily rest periods to Plaintiff and

24  Class Members for every four hours or major fraction thereof worked and failing to compensate

25  said employees one hours wages in lieu of rest periods;

26        v.    Whether Defendants violated California Labor Code §§ 226.7, 512 and

27  applicable IWC Wage Orders, by failing to provide a meal period to Plaintiff and Class Members

28  on days they worked work periods in excess of 6 (six) and 10 (ten) hours and failing to

- 4 -

CLASS ACTION COMPLAINT

1  compensate said employees one hour wages in lieu of meal periods;

2          vi.     Whether Defendants failed to maintain accurate time record including

3  recording Plaintiff and Class Members' meal periods pursuant to California Labor Code §§ 1174.5

4  and the applicable IWC Wage Orders;

5          vii.     Whether Defendants failed provide accurate itemized wage statements

6  pursuant to California Labor Code §§ 226, 226.3, and 558.1;

7          viii.    Whether Defendants failed to pay vacation pay at separation as required by

8  Labor Code § 227.3;

9          ix.     Whether Defendants failed to reimburse necessary business expenses

10  incurred by Plaintiff and class members, as required by Labor Code section 2802;

11          x.     Whether Defendants failed to pay reporting time wages in accordance with

12  Labor Code 1194, 1197, 1198, and IWC Wage Order 9-2001;

13          xi.     Whether Defendants violated Business and Professions Code and California

14  Labor Code §§ 201-204, 226, 510, 512, 558, 558.1, 226.3, 226.7, 1174, 1174.5, 1175, 1194, 1197,

15  1197.1, and 1198, 2802, and applicable IWC Wage Orders which violation constitutes a violation

16  of fundamental public policy;

17          xii.    Whether Plaintiff and the Class Members are entitled to relief in the form of

18  back wages, penalties and interest for failure to pay minimum wages pursuant to California Labor

19  Code §§ 558, 1194 and 1197;

20          xiii.    Whether Plaintiff and the Class Members are entitled to retroactive pay for

21  unpaid wages;

22          xiv.    Whether Plaintiff and Class Members were not paid timely upon separation

23  from their employ with Defendants, pursuant to Labor Code section 203; and

24          xv.     Whether Plaintiff and the Members of the Plaintiff Class are entitled to

25  equitable relief pursuant to Business and Professions Code §17200, *et. seq.*

26       17.    Typicality. Plaintiff's claims herein alleged are typical of those claims which

27  could be alleged by any member of the Class and/or Subclass, and the relief sought is typical of

28  the relief which would be sought by each member of the Class and/or Subclass in separate actions.

- 5 -
CLASS ACTION COMPLAINT

1   Plaintiff and all members of the Class and or Subclass sustained injuries and damages arising out
2   of and caused by Defendants' common course of conduct in violation of California laws,
3   regulations, and statutes as alleged herein.

4       18.    <u>Adequacy</u>.  Plaintiff is qualified to, and will fairly and adequately protect the
5   interests of each member of the Class and/or Subclass with whom she has a well defined
6   community of interest and typicality of claims, as demonstrated herein.  Plaintiff acknowledges an
7   obligation to make known to the Court any relationships, conflicts, or differences with any
8   member of the Class and/or Subclass.  Plaintiff's attorneys and the proposed Counsel for the Class
9   and Subclass are versed in the rules governing class action discovery, certification, litigation, and
10  settlement and experienced in handling such matters.  Other former and current employees of
11  Defendants may also serve as representatives of the Class and Subclass if needed.

12      19.    <u>Superiority</u>.  A class action is superior to other available means for the fair and
13  efficient adjudication of the claims of the Class and would be beneficial for the parties and the
14  court.  Class action treatment will allow a large number of similarly situated persons to prosecute
15  their common claims in a single forum, simultaneously, efficiently, and without the unnecessary
16  duplication of effort and expense that numerous individual actions would require.  The damages
17  suffered by each Class member are relatively small in the sense pertinent to class action analysis,
18  and the expense and burden of individual litigation would make it extremely difficult or
19  impossible for the individual Class Members to seek and obtain individual relief.  A class action
20  will serve an important public interest by permitting such individuals to effectively pursue
21  recovery of the sums owed to them.  Further, class litigation prevents the potential for inconsistent
22  or contradictory judgments raised by individual litigation.

23      20.    <u>Public Policy Considerations</u>:  Employers in the state of California violate
24  employment and labor laws everyday.  Current employees are often afraid to assert their rights out
25  of fear of direct or indirect retaliation.  Former employees are fearful of bringing actions because
26  they believe their former employers may damage their future endeavors through negative
27  references and/or other means.  The nature of this action allows for the protection of current and
28  former employees' rights without fear or retaliation or damage.

- 6 -
CLASS ACTION COMPLAINT

## IV.   FACTUAL ALLEGATIONS

21.   At all times set forth herein, Defendants employed Plaintiff and other persons in the capacity of non-exempt positions, however titled, throughout the state of California.

22.   Plaintiff is informed and believes Class Members have at all times pertinent hereto been Non-Exempt within the meaning of the California Labor Code and the implementing rules and regulations of the IWC California Wage Orders.

23.   Defendants continue to employ Non-Exempt Employees, however titled, in California and implement a uniform set of policies and practices to all non-exempt employees, as they were all engaged in the generic job duties related to Defendants' pharmaceutical business.

24.   Plaintiff is informed and believes, and thereon alleges, that Defendants are and were advised by skilled lawyers and other professionals, employees, and advisors with knowledge of the requirements of California's wage and employment laws.

25.   On information and belief, during the relevant time frame, Plaintiff and Class Members frequently worked well over eight (8) hours in a day and forty (40) hours in a work week.

26.   During the relevant time frame, Defendants compensated Plaintiff and Class Members based upon an hourly rate.

27.   On information and belief, during the relevant time frame, Plaintiff and Class Members typically worked six (6) days a week.

28.   Plaintiff is informed and believes that the Class Members were required to keep similar schedules.

29.   In addition, the Class Members frequently worked in excess of eight (8) hours a day and/or over forty (40) hours in a workweek, but were not properly paid for minimum and overtime wages.

30.   Defendants failed to properly calculate Plaintiff's and Class Members' regular rate of pay including but not limited to by failing to include all forms of compensation/remuneration in the regular rate including but not limited to bonuses, incentives, commissions, shift differentials, and other compensation for overtime calculation purposes.

31.     Although shift differentials were paid, Defendants consistently failed to adjust overtime rates, meal premium rates, double time rates and sick pay rates for these shift differentials.

32.     Plaintiff's pay stubs reflect that shift differentials were being paid at a rate lower than base pay and the number of hours was double counted in total hours.

33.     Plaintiff and Class Members were paid bonuses, however, the overtime rate was not adjusted for these bonuses.

34.     Plaintiff was consistently required to perform post-shift activities after clocking out for which he was not compensated. As dock workers and Class Members were consistently required to perform off the clock work after clocking out for the day. As Yard Hostlers, Plaintiff and Class Members were required to regularly perform post-shift off the clock work such as closing trailer doors to prevent theft and moving the trailers to back them up to the wall or dock so doors could not be opened.

35.     During the relevant time, as a consequence of Defendants' staffing and scheduling practices, work demands, and Defendants' policies and practices, Defendants frequently failed to provide Plaintiff and Class Members timely, legally complaint uninterrupted 30-minute meal periods on shifts over five hours as required by law.

36.     Plaintiff was frequently required to work during his meal periods, for instance he would be called to move trucks during meal periods and he was forced to take late meal periods.

37.     Plaintiff was consistently asked to clock out for lunch, then continue to work and take his meal period later.

38.     On a frequent basis, once Plaintiff clocked out for a meal break he was not allowed to clock back in for an hour.

39.     Similarly, as a consequence of Defendants' staffing and scheduling practices, work demands, and Defendants' policies and practices, Defendants frequently failed to provide Plaintiff and Class Members  legally compliant second meal periods on shifts over ten hours as required by law. Plaintiff and Class Members worked more than ten hours a day on a consistent and regular basis during the relevant time period. , where no second meal breaks were given. Plaintiff and

- 8 -
CLASS ACTION COMPLAINT

1   Class Members worked over ten (10) hours a week approximately one or two times a week but did

2   not have second meal breaks.

3      40.    On information and belief, Plaintiff and Class Members did not waive their rights

4   to meal periods under the law.

5      41.    Plaintiff and Class Members were not provided with valid lawful on-duty meal

6   periods.

7      42.    Despite the above-mentioned meal period violations, Defendants failed to

8   compensate Plaintiff, and on information and belief, failed to compensate Class Members, one

9   additional hour of pay at their regular rate as required by California law when meal periods were

10  not timely or lawfully provided in a compliant manner.

11     43.    Plaintiff are informed and believe, and thereon alleges, that Defendants know,

12  should know, knew, and/or should have known that Plaintiff and Class Members  were entitled to

13  receive premium wages based on their regular rate of pay under California Labor Code § 226.7 but

14  were not receiving such compensation.

15     44.    In addition, during the relevant time frame, Plaintiff and the Non-Exempt

16  Employees were systematically not authorized and permitted to take one net ten-minute paid, rest

17  period for every four hours worked or major fraction thereof, which is a violation of the California

18  Labor Code and IWC wage order.

19     45.    Defendants maintained and enforced scheduling practices, policies, and imposed

20  work demands that frequently required Plaintiff and Class Members to forego their lawful, paid

21  rest periods of a net ten minutes for every four hours worked or major fraction thereof. Such

22  requisite rest periods were not timely authorized and permitted as a result of Defendants' failure to

23  provide relief for Plaintiff and Class Members to take their lawfully required breaks.  Plaintiff was

24  not given a third rest break on the aforementioned ten (10) hour and above work days.

25     46.    Despite the above-mentioned rest period violations, Defendants did not compensate

26  Plaintiff, and on information and belief, did not pay  Class Members  one additional hour of pay at

27  their regular rate as required by California law, including California Labor Code § 226.7 and the

28  applicable IWC wage order, for each day on which lawful rest periods were not authorized and

- 9 -
CLASS ACTION COMPLAINT

1  permitted.

2  47.    During the liability period, Plaintiff and Class Members were consistently not
3  permitted to leave the premises during their 10 minute rest breaks.

4  48.    Plaintiff and Class Members were required to carry a company provided radio that
5  was required to be on at all times. This radio or "walkie talkie", interrupted Plaintiff and Class
6  Members during all meal periods and rest periods.

7  49.    Plaintiff is informed and believes, and thereon alleges, that at all times herein
8  mentioned, Defendants knew that at the time of termination of employment (or within 72 hours
9  thereof for resignations without prior notice as the case may be) they had a duty to accurately
10 compensate Plaintiff and Class Members for all wages owed including minimum wages, meal and
11 rest period premiums, and any associated profit shares earned by Plaintiff and Class Members
12 which Defendants had the financial ability to pay such compensation, but willfully, knowingly,
13 recklessly, and/or intentionally failed to do so in part because of the above-specified violations.

14 50.    Plaintiff was not paid her last pay on the day of her termination, instead Plaintiff
15 received her last pay almost two weeks later, well beyond the 72 hour requirement. Plaintiff's last
16 paystub also failed to include any waiting time penalties.

17 51.    Plaintiff is informed and believes, and based thereon alleges, that Defendants knew
18 or should have known that Plaintiff and the other class members were entitled to receive all wages
19 owed to them during their employment. Plaintiff and the other class members did not receive
20 payment of all wages, including overtime and minimum wages and meal and rest period
21 premiums, within any time permissible under California Labor Code section 204.

22 52.    During the relevant time period, Defendants failed to pay Plaintiff and the other
23 class members all wages within any time permissible under California law, including, *inter alia*,
24 California Labor Code section 204.

25 53.    Defendants failed to reimburse Plaintiff and Class Members for business expenses
26 incurred pursuant to California Labor Code § 2802. Defendants failed to reimburse Plaintiff for
27 necessary business expenses such as his regularly required cell phone use for work relates
28 purposes. Plaintiff was required to use his personal cell phone both off the clock and on the clock

- 10 -
CLASS ACTION COMPLAINT

1    at all times.

2        54.    Defendants failed to pay Reporting Time Pay as required by law. For instance,

3    Plaintiffs and Class Members would be sent home early after only having worked 2 hours into

4    their regularly scheduled shifts. Defendants failed to pay Plaintiff and Class Members for half of

5    their scheduled shifts as required by law.

6        55.    On information and belief, during the relevant timeframe, Defendants had a policy

7    that provided for paid time off/vacation time for its employees, including Plaintiff and Class

8    Members.

9        56.    During the relevant timeframe, Defendants failed to accurately pay said vested paid

10   time off/vacation time to its employees at the time of termination, including Plaintiff and Class

11   Members, at their final rate in accordance with said policy and in accordance with the law.

12       57.    Upon information and belief, Defendants knew and or should have known that it is

13   improper to implement policies and commit unlawful acts such as:

14       (a)    requiring employees to work four (4) hours or a major fraction thereof without

15   being provided a minimum ten (10) minute rest period and without compensating the employees

16   with one (1) hour of pay at the employees' regular rate of compensation for each workday that a

17   rest period was not provided;

18       (b)    requiring employees to work in excess of five (5) hours or ten (10) hours per day

19   without being provided an uninterrupted thirty minute meal period and/or a second meal period,

20   and without compensating employees with one (1) hour of pay at the regular rate of compensation

21   for each workday that such a meal period was not provided;

22       (c)    failing to pay overtime and minimum wages;

23       (d)    failing to reimburse necessary business expenses;

24       (e)    failing to pay timely wages upon separation from Defendants' employ;

25       (f)    failing to pay timely wages during employment by Defendants;

26       (g)    failing to maintain accurately itemized wage statements;

27       (h)    failing to pay reporting time pay;

28       (i)    failure to pay vesting vacation pay; and

- 11 -
CLASS ACTION COMPLAINT

1    (j)    conducting and engaging in unfair business practices.

2    58.    In addition to the violations above, and on information and belief, Defendants knew

3 they had a duty to compensate Plaintiff and Class Members for the allegations asserted herein, and

4 that Defendants had the financial ability to pay such compensation, but willfully, knowingly,

5 recklessly, and/or intentionally failed to do so.

6    59.    Plaintiff and Class Members they seek to represent are covered by, and Defendants

7 are required to comply with, applicable California Labor Codes, Industrial Welfare Commission

8 Occupational Wage Orders (hereinafter "IWC Wage Orders") and corresponding applicable

9 provisions of California Code of Regulations, Title 8, § 11000 *et seq.*

10 **FIRST CAUSE OF ACTION**

11 **FAILURE TO PAY WAGES INCLUDING OVERTIME**

12 **(Against All Defendants)**

13    60.    Plaintiff incorporates and re-alleges each and every allegation contained above as

14 though fully set forth herein.

15    61.    At all times relevant, the IWC wage orders applicable to Plaintiff's and the Class

16 require employers to pay its employees for each hour worked at least minimum wage. "Hours

17 worked" means the time during which an employee is subject to the control of an employer, and

18 includes all the time the employee is suffered or permitted to work, whether or not required to do

19 so, and in the case of an employee who is required to reside on the employment premises, that

20 time spent carrying out assigned duties shall be counted as hours worked.

21    62.    At all relevant times, California Labor Code § 1197 provides that the minimum

22 wage for employees fixed by the IWC is the minimum wage to be paid to employees, and the

23 payment of a lesser wage than the established minimum is unlawful. Further, pursuant to the IWC

24 Wage Order and Labor Code, Plaintiff and Class Members are to be paid minimum wage for each

25 hour worked, and cannot be averaged At all times relevant, the IWC wage orders applicable to

26 Plaintiff and Class Members' employment by Defendants provided that employees working for

27 more than eight (8) hours in a day or forty (40) hours in a work week are entitled to overtime

28 compensation at the rate of one and one-half times the regular rate of pay for all hours worked in

- 12 -
CLASS ACTION COMPLAINT

excess of eight (8) hours in a day or forty (40) hours in a work week.  An employee who works more than twelve (12) hours in a day is entitled to overtime compensation at a rate of twice the regular rate of pay.

63.     At all relevant times, California Labor Code § 1197.1 states "[a]ny employer or other persons acting individually as an officer, agent, or employee of another person, who pays or causes to be paid to any employee a wage less than the minimum fixed by an applicable state or local law, or by an order of the commission shall be subject to a civil penalty, restitution of wages, liquidated damages payable to the employee, and any applicable penalties pursuant to § 203.

64.     California Labor Code § 510 codifies the right to overtime compensation at the rate of one and one-half times the regular rate of pay for all hours worked in excess of eight (8) hours in a day or forty (40) hours in a work week and to overtime compensation at twice the regular rate of pay for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day of work in a particular work week.

65.     At all times relevant, Plaintiff and Class Members regularly performed non-exempt work and thus were subject to the overtime requirements of the IWC Wage Orders, CCR § 11000, et. seq. and the Labor Code.

66.     At all times relevant, Plaintiff and Class Members consistently worked in excess of eight (8) hours in a day and/or forty (40) hours in a week and Defendant's failed to accurately calculate overtime pay to Plaintiff and Class Members.

67.     Defendants failed to compensate Plaintiff and Class Members accurately for minimum and overtime wages due to Defendants' failure to account for all off-the-clock work performed by Plaintiff and Class Members.

68.     Defendants further failed to incorporate bonuses, shift differentials, and other remunerations into the employees' regular rates of pay for purposes of calculating overtime.

69.     At all times relevant, Defendants have failed to accurately pay minimum and overtime owed to Plaintiff and Class Members.

70.     Accordingly, Defendants owe Plaintiff and Class Members minimum and overtime wages, and have failed to pay Plaintiff and Class Members their wages owed.

- 13 -
CLASS ACTION COMPLAINT

71.     Pursuant to California Labor Code §§ 510, 558 and 1194, Plaintiff and Class Members are entitled to recover their unpaid wages and overtime compensation, as well as interest, costs, and attorneys' fees.

### SECOND CAUSE OF ACTION

### FAILURE TO PROVIDE MEAL PERIODS OR COMPENSATION IN LIEU THEREOF

### (Against All Defendants)

72.     Plaintiff incorporates and re-alleges each and every allegation contained above as though fully set forth herein.

73.     Pursuant to California Labor Code § 512, no employer shall employ an employee for a work period of more than five (5) hours without providing a meal break of not less than thirty (30) minutes in which the employee is relieved of all of his or her duties.  An employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than thirty (30) minutes, except that if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

74.     Pursuant to the IWC wage orders applicable to Plaintiff and Class Members' employment by Defendants, in order for an "on duty" meal period to be permissible, the nature of the work of the employee must prevent an employee from being relieved of all duties relating to his or her work for the employer and the employees must consent in writing to the "on duty" meal period.  On information and belief, Plaintiff and Class Members did not consent in writing to an "on duty" meal period.  Further, the nature of the work of Plaintiff and Class Members was not such that they were prevented from being relieved of all duties.  Despite the requirements of the IWC wage orders applicable to Plaintiff's and Class Members' employment by Defendants and California Labor Code § 512 and § 226.7, Defendants did not provide Plaintiff and Class Members with all their statutorily authorized meal periods.

75.     For the four (4) years preceding the filing of this lawsuit, Defendants failed to provide Plaintiff and Class Members, timely and uninterrupted meal periods of not less than thirty (30) minutes pursuant to the IWC wage orders applicable to Plaintiff and Class Members'

- 14 -
CLASS ACTION COMPLAINT

employment by Defendants.  As a proximate result of the aforementioned violations, Plaintiff and the other Class Members have been damaged in an amount according to proof at time of trial.

76.     By their failure to provide a compliant meal period for each shift worked over five (5) hours and their failure to provide a compliant second meal period for any shift worked over ten (10) hours per day by Plaintiff and Class Members, and by failing to provide compensation in lieu of such non-provided meal periods, as alleged above, Defendants violated the provisions of California Labor Code §§ 226.7 and 512 and applicable IWC Wage Orders.

77.     Plaintiff and Class Members she seeks to represent did not voluntarily or willfully waive meal periods and were regularly required to work shifts without being provided all of their legally required meal periods.  Defendants created a working environment in which Plaintiff and Class Members were not provided all of their meal periods due to shift scheduling and/or work related demands placed upon them by Defendants as discussed above. On information and belief, Defendants' implemented a policy and practice which resulted in systematic and class-wide violations of the Labor Code.   On information and belief, Defendants' violations have been widespread throughout the liability period and will be evidenced by Defendants' time records for the Class Members.

78.     As a result of the unlawful acts of Defendants described herein, Plaintiff and Class Members they seek to represent have been deprived of premium wages in amounts to be determined at trial.  Pursuant to California Labor Code § 226.7, Plaintiff and Class Members are entitled to recover one (1) hour of premium pay for each day in which a meal period was not provided, along with interest and penalties thereon, attorneys' fees, and costs.

## THIRD CAUSE OF ACTION

### FAILURE TO PROVIDE REST PERIODS OR COMPENSATION IN LIEU THEREOF

### (Against All Defendants)

79.     Plaintiff incorporates and re-alleges each and every allegation contained above as though fully set forth herein.

80.     Pursuant to the IWC wage orders applicable to Plaintiff and Class Members' employment by Defendants, "Every employer shall authorize and permit all employees to take rest

- 15 -
CLASS ACTION COMPLAINT

periods, which insofar as practicable shall be in the middle of each work period.... [The] authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours worked or major fraction thereof... Authorized rest period time shall be counted as hours worked, for which there shall be no deduction from wages." California Labor Code § 226.7(a) prohibits an employer from requiring any employee to work during any rest period mandated by an applicable order of the IWC.

81.     Defendants were required to authorize and permit employees such as Plaintiff and Class Members to take rest periods, based upon the total hours worked at a rate of ten (10) minutes net rest per four (4) hours worked, or major fraction thereof, with no deduction from wages. Despite said requirements of the IWC wage orders applicable to Plaintiff's and Class Members' employment by Defendants, Defendants failed and refused to authorize and permit Plaintiff and Class Members, to take ten (10) minute rest periods for every four (4) hours worked, or major fraction thereof.

82.     On information and belief Defendants created a working environment in which Plaintiff and Class Members were not provided all of their rest periods due to shift scheduling and/or work related demands placed upon them by Defendants to meet the needs of Defendants' business as discussed above. On information and belief, Defendants implemented a policy and practice which resulted in systematic and class-wide violations of the Labor Code.  On information and belief, Defendants' violations have been widespread throughout the liability period.

83.     Labor Code 226.7 provides: (a) No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission. (b) If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee s regular rate of compensation for each work day that the meal or rest period is not provided.

84.     As a proximate result of the aforementioned violations, Plaintiff and Class Members have been damaged in an amount according to proof at time of trial.  Pursuant to

- 16 -
CLASS ACTION COMPLAINT

California Labor Code § 226.7, Plaintiff and Class Members are entitled to recover one (1) hour of premium pay for each day in which Defendants failed to provide a rest period to Plaintiff and the Class, plus interest and penalties thereon, attorneys' fees, and costs.

## FOURTH CAUSE OF ACTION

### FAILURE TO PAY TIMELY PAY WAGES

**(Against All Defendants)**

85.     Plaintiff incorporates and re-alleges each and every allegation contained above as though fully set forth herein.

86.     California Labor Code §§ 201-202 requires an employer who discharges an employee to pay compensation due and owing to said employee immediately upon discharge and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages on their last day of work.

87.     California Labor Code § 203 provides that if an employer willfully fails to pay compensation promptly upon discharge, as required by California Labor Code §§ 201-202, the employer is liable for waiting time penalties in the form of continued compensation for up to thirty (30) work days.

88.     During the relevant time period, Defendants willfully failed and refused, and continue to willfully fail and refuse, to pay Plaintiff and Class Members their wages, earned and unpaid, either at the time of discharge, or within seventy-two (72) hours of their voluntarily leaving Defendants' employ. These wages include regular and overtime.

89.     As a result, Defendants are liable to Plaintiff and members of the Non-Exempt Production Employee class for waiting time penalties pursuant to California Labor Code § 203, in an amount according to proof at the time of trial.

///

- 17 -
CLASS ACTION COMPLAINT

**FIFTH CAUSE OF ACTION**

**FOR FAILURE TO PAY TIMELY PAY WAGES DURING EMPLOYMENT**

**(Against All Defendants)**

90.   Plaintiff incorporates and re-alleges each and every allegation contained above as though fully set forth herein.

91.   At all times herein set forth, California Labor Code section 204 provides that all wages earned by any person in any employment between the 1st and 15th days, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 16th and the 26th day of the month during which the labor was performed.

92.   At all times herein set forth, California Labor Code section 204 provides that all wages earned by any person in any employment between the 16th and the last day, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 1st and the 10th day of the following month.

93.   At all times herein set forth, California Labor Code section 204 provides that all wages earned for labor in excess of the normal work period shall be paid no later than the payday for the next regular payroll period.

94.   During the relevant time period, Defendants intentionally and willfully failed to pay Plaintiff and the other class members all wages due to them, within any time period permissible under California Labor Code section 204.

95.   Plaintiff and the other class members are entitled to recover all remedies available for violations of California Labor Code section 204.

**SIXTH CAUSE OF ACTION**

**FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS**

**(Against All Defendants)**

96.   Plaintiff incorporates and re-alleges each and every allegation contained above as though fully set forth herein.

97.   Section 226(a) of the California Labor Code requires Defendants to itemize in wage

- 18 -

CLASS ACTION COMPLAINT

1  statements all deductions from payment of wages and to accurately report total hours worked by

2  Plaintiff and the Class including applicable hourly rates and reimbursement expenses among other

3  things. Defendants have knowingly and intentionally failed to comply with Labor Code section

4  226 and 204 on wage statements that have been provided to Plaintiff and the Class.

5      98.    IWC Wage Orders require Defendants to maintain time records showing, among

6  others, when the employee begins and ends each work period, meal periods, split shift intervals

7  and total daily hours worked in an itemized wage statement and must show all deductions and

8  reimbursements from payment of wages, and accurately report total hours worked by Plaintiff and

9  the Class. On information and belief, Defendants have failed to record all or some of the items

10  delineated in Industrial Wage Orders and Labor Code § 226.

11      99.    As a result of Defendants' knowing and intentional failure to comply with Labor

12  Code § 226(a), Plaintiff and Class Members have suffered injury and damage to their statutorily

13  protected rights. Specifically, Plaintiff and Class Members have been injured by Defendants'

14  intentional violation of Labor Code § 226(a) because they were denied both their legal right to

15  receive, and their protected interest in receiving, accurate itemized wage statements under Labor

16  Code § 226(a). In addition, Defendants have made it difficult to calculate the amount of wages and

17  compensation owed to Plaintiff and Class Members. Plaintiff has had to file this lawsuit and will

18  be required to conduct discovery and perform computations in order to analyze whether in fact

19  Plaintiff was paid correctly and the extent of the underpayment, thereby causing Plaintiff to incur

20  expenses and lost time. Plaintiff would not have had to engage in these efforts and incur these

21  costs had Defendants provided wage statements accurately showing her regular and overtime rates

22  of pay, among other things. This has also delayed Plaintiff's ability to demand and recover the

23  underpayment of wages from Defendants.

24      100.   Plaintiff and Class Members are entitled to recover from Defendants the greater of

25  their actual damages caused by Defendants' failure to comply with Labor Code § 226(a) or an

26  aggregate penalty not exceeding $4,000 dollars per employee.

27      //

28

- 19 -
CLASS ACTION COMPLAINT

## SEVENTH CAUSE OF ACTION

### FAILURE TO INDEMNIFY NECESSARY BUSINESS EXPENSES

#### (Against All Defendant)

101.    Plaintiff incorporates and re-alleges each and every allegation contained above as though fully set forth herein.

102.    Labor Code § 2802 requires Defendant to indemnify Plaintiff and Class Members for necessary expenditures incurred in direct consequences of the discharge of his or her duties. As a necessary part of employment, Plaintiff and on information and belief Class Members, were not adequately reimbursed by Defendant for expenses related to all expenses incurred as a result of their personal vehicle usage, as described above. Despite these realities of the job, Defendant failed to provide reimbursements.

103.    Labor Code §2804 states in pertinent part: "Any contract or agreement, express or implied, made by any employee to waive the benefits of this article or any part thereof is null and void, and this article shall not deprive any employee or his or her personal representative of any right or remedy to which he is entitled under the laws of this State.

104.    As a result of the unlawful acts of Defendant, Plaintiff and the Class Members have been deprived of un-reimbursed expense amounts to be determined at trial, and are entitled to the recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, pursuant to Labor Code § 2802.

## EIGHTH CAUSE OF ACTION

### FOR FAILURE TO PAY VESTED VACATION PAY AT SEPARATION

#### (Against All Defendants)

105.    Plaintiff repeats and incorporates herein by reference each and every allegation set forth above, as though fully set forth herein.

106.    Labor Code § 227.3 provides that "...whenever a contract of employment or employer policy provides for paid vacations, and an employee is terminated without having taken off his vested vacation time, all vested vacation shall be paid to him as wages at his final rate in accordance with such contract of employment or employer policy respecting eligibility or time

- 20 -
CLASS ACTION COMPLAINT

1  served; provided, however, that an employment contract or employer policy shall not provide for
2  forfeiture of vested vacation time upon termination."

3      107.    Defendants have a policy that provided for paid vacation. Defendants have failed
4  to pay vested vacation time due to Plaintiff and Class Members at separation from employment in
5  accordance with California law.

6      108.    As a result of the unlawful acts of Defendants, Plaintiff and the Class Members
7  have been deprived of their vested vacation time in amounts to be determined at trial, and are
8  entitled to the recovery of such amounts, and Defendants are liable to Plaintiff and Class Members
9  for penalties and interest pursuant to Labor Code § 203, in an amount according to proof at the
10  time of trial

11  **NINTH CAUSE OF ACTION**
12  **FAILURE TO PAY REPORTING TIME WAGES**
13  **(Against All Defendants)**

14      109.    Plaintiffs incorporate by reference and re-alleges each and every allegation
15  contained above, as though fully set forth herein.

16      110.    Labor Code section 1197 makes it unlawful to pay an employee less than the
17  minimum wage as established by the Industrial Welfare Commission.

18      111.    Labor Code section 1198 provides that the maximum hours of work and the
19  standard conditions of labor fixed by the commission shall be the maximum hours of work and the
20  standard conditions of labor by the commission shall be the maximum hours of work and the
21  standard conditions of labor for employees. The employment of any employee for longer hours
22  than those fixed by the order or under conditions of labor prohibited by the order is unlawful.

23      112.    The applicable reporting time wages are fixed by the IWC in Wage Order 9-2001.

24      113.    In relevant part, Section 5 of the applicable wage order provides:

25  (A)  Each workday an employee is required to report for work and does report, but is not put to
26       work or is furnished less than half said employee's usual or scheduled day's work, the
27       employee shall be paid for half the usual or scheduled day's work, but in no event for less
28       than two (2) hours nor more than four (4) hours, at the employee's regular rate of pay,
     which shall not be less than the minimum wage.

- 21 -
CLASS ACTION COMPLAINT

114.   Defendants failed to pay reporting time wages.  In particular, Plaintiffs and the Class Members were forced to report to work and were furnished with less than half the employee's usual or scheduled day's work.

115.   In fact, on numerous occasions, Plaintiffs and Class Members reported to work at Defendants' direction, and then were sent home – without the legal compensation. By failure to pay hourly wages for reporting time, Defendants willfully violated Labor Code sections 1194, 1197, 1198, and IWC Wage Orders 9-2001.

///

### TENTH CAUSE OF ACTION

### VIOLATION OF BUSINESS & PROFESSIONS CODE §§ 17200, et.seq.

### (Against All Defendants)

116.   Plaintiff incorporates and re-alleges each and every allegation contained above as though fully set forth herein.

117.   Defendants' conduct, as alleged in this complaint, has been, and continues to be, unfair, unlawful, and harmful to Plaintiff and Class Members, Defendants' competitors, and the general public.  Plaintiff seeks to enforce important rights affecting the public interest within the meaning of the California Code of Civil Procedure § 1021.5.

118.   Defendants' policies, activities, and actions as alleged herein, are violations of California law and constitute unlawful business acts and practices in violation of California Business and Professions Code §§ 17200, et seq.

119.   A violation of California Business and Professions Code §§ 17200, et seq., may be predicated on the violation of any state or federal law.  Defendants' policy of failing to accurately pay overtime wages, failing to pay minimum wages, failing to reimburse expenses, and failing to provide Plaintiff and the Class with meal periods and rest breaks or the one (1) hour of premium pay when a meal or rest break period was not provided or provided outside of the required time frames, violates California Labor Code §203, § 512, § 226.7, § 1194, § 2802 and applicable IWC Wage Orders and California Code of Regulations.

- 22 -
CLASS ACTION COMPLAINT

1     120.   Plaintiff and Class Members have been personally aggrieved by Defendants'

2 unlawful and unfair business acts and practices alleged herein by the loss of money and/or

3 property.

4     121.   Pursuant to California Business and Professions Code §§ 17200, et seq., Plaintiff

5 and Class Members are entitled to restitution of the wages withheld and retained by Defendants

6 during a period that commences four (4) years prior to the filing of this complaint; an award of

7 attorneys' fees, interest; and an award of costs.

8

9

10                               **PRAYER FOR RELIEF**

11     WHEREFORE, Plaintiff prays for judgment against Defendants, as follows:

12                         Class Certification

13     1.     That this action be certified as a class action;

14     2.     That Plaintiff be appointed as the representative of the Class;

15     3.     That Plaintiff be appointed as the representative of the Subclass; and

16     4.     That counsel for Plaintiff is appointed as counsel for the Class and Subclass.

17                On the First Cause of Action

18     1.     For compensatory damages equal to the unpaid balance of minimum wage

19 compensation and overtime owed to Plaintiff and Class members as well as interest and costs;

20     2.     For reasonable attorneys' fees and costs pursuant to California Labor Code§§ 510,

21 and 1194;

22     3.     For liquidated damages in an amount equal to the wages unlawfully unpaid and

23 interest thereon pursuant to California Labor Code§§ 1194.2, 558;

24     4.     For such other and further relief as the Court deems proper.

25              On the Second Cause of Action

26     1.     For one (1) hour of premium pay for each day in which a required meal period was

27 not provided or not provided in a timely manner; and

28     2.     For such other and further relief as the Court deems proper.

- 23 -
CLASS ACTION COMPLAINT

1

<u>On the Third Cause of Action</u>

1. For one (1) hour of premium pay for each day in which a required rest period was not authorized or permitted; and

2. For such other and further relief as the Court deems proper.

<u>On the Fourth Cause of Action</u>

1. For statutory penalties pursuant to California Labor Code§203;

2. For interest for wages untimely paid; and

3. For such other and further relief as the Court deems proper.

<u>On the Fifth Cause of Action</u>

1. For statutory penalties pursuant to Labor Code §204;

2. For interest for wages untimely paid; and

3. For such other and further relief as the Court deems proper.

<u>On the Sixth Cause of Action</u>

1. For statutory penalties pursuant to Labor Code §226;

2. For interest for wages untimely paid;

3. For penalties pursuant to Labor Code §266.3; and

4. For such other and further relief as the Court deems proper.

<u>On the Seventh Cause of Action</u>

1. For statutory penalties pursuant to Labor Code §2802;

2. For interest for wages untimely paid; and

3. For such other and further relief as the Court deems proper.

<u>On the Eighth Cause of Action</u>

1. For statutory penalties pursuant to Labor Code §§ 227.3, 203;

2. For interest for wages untimely paid; and

3. For such other and further relief as the Court deems proper.

<u>On the Ninth Cause of Action</u>

1. For unpaid wages;

2. For reasonable attorneys' fees and costs pursuant to statute;

- 24 -
CLASS ACTION COMPLAINT

3.    For interest; and

4.    For such other and further relief as the Court deems proper.

### On the Tenth Cause of Action

1.    That Defendants, jointly and/or severally, pay restitution of sums to Plaintiff and Class Members for their past failure to accurately pay overtime, failing to pay minimum wages, failing to reimburse expenses, and failing to provide Plaintiff and the Class with meal periods and rest breaks or the one (1) hour of premium pay when a meal or rest break period was not provided or provided outside of the required time frames as described herein to Plaintiff and Class Members over the last four (4) years in an amount according to proof;

2.    For pre-judgment interest on any unpaid wages due from the day that such amounts were due;

3.    For reasonable attorneys' fees that Plaintiff and Class Members are entitled to recover;

4.    For costs of suit incurred herein; and

5.    For such other and further relief as the Court deems proper.

### **DEMAND FOR JURY TRIAL**

Plaintiff and members of the Class and Subclass request a jury trial in this matter.

Dated: July 28, 2022            JAMES HAWKINS APLC

By: _____
JAMES R. HAWKINS, ESQ.
GREGORY MAURO, ESQ.
MICHAEL CALVO, ESQ.
LAUREN FALK, ESQ.
AVA ISSARY, ESQ.
Attorneys for Plaintiff DYLON W. CRONON
individually and on behalf of all others
similarly situated.

- 25 -
CLASS ACTION COMPLAINT

| Attorney or Party without Attorney: | | For Court Use Only |
|---|---|---|
| James R. Hawkins, Esq. (SBN 192925)<br>JAMES HAWKINS, APLC<br>9880 Research Drive, Suite 200<br>Irvine, CA 92618<br>Telephone No: (949) 387-7200 | | **Electronically Filed<br>Superior Court of California<br>County of San Joaquin<br>2022-09-22 14:47:31<br>Clerk: Mia Stipe** |

Attorney For: DYLON W. CRONON, individually and on behalf of all others similarly situated

Ref. No. or File No.:
FFE TRANSPORT

Insert name of Court, and Judicial District and Branch Court:
Superior Court of the State of California for the County of San Joaquin

Plaintiff: DYLON W. CRONON, individually and on behalf of all others similarly situated

Defendant: FFE TRANSPORTATION SERVICES, INC. dba FROZEN FOOD EXPRESS, a Delaware Corporation

| PROOF OF SERVICE<br>SUMMONS | Hearing Date: | Time: | Dept/Div: | Case Number:<br>STK-CV-UOE-2022-0006572 |
|---|---|---|---|---|

1.  *At the time of service I was at least 18 years of age and not a party to this action.*

2.  I served copies of the Summons; Class Action Complaint; Civil Case Cover Sheet; Notice of Case Assignment and Notice of Hearing

3.  *a.*  *Party served:*      FFE TRANSPORTATION SERVICES, INC. dba FROZEN FOOD EXPRESS, a Delaware Corporation
    *b.*  *Person served:*    Jessie Gastelum, Intake Specialist, CT Corporation System, Registered Agent

4.  *Address where the party was served:*    330 N Brand Blvd Suite 700, Glendale, CA 91203

5.  *I served the party:*
    a. **by personal service.**   I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*: Mon, Sep 19 2022 (2) at *(time)*: 12:40 PM
    (1)  [ X ]  **(business)**
    (2)  [   ]  **(home)**
    (3)  [   ]  **(other)** :

6.  The "Notice to the Person Served" (on the summons) was completed as follows:
    a.  [   ]  as an individual defendant.
    b.  [   ]  as the person sued under the fictitious name of *(specify)*:
    c.  [   ]  as occupant.
    d.  [ X ]  On behalf of *(specify)*:   FFE TRANSPORTATION SERVICES, INC. dba FROZEN FOOD EXPRESS, a Delaware Corporation
        under the following Code of Civil Procedure section:

| | | | |
|---|---|---|---|
| [ X ] | 416.10 (corporation) | [   ] | 415.95 (business organization, form unknown) |
| [   ] | 416.20 (defunct corporation) | [   ] | 416.60 (minor) |
| [   ] | 416.30 (joint stock company/association) | [   ] | 416.70 (ward or conservatee) |
| [   ] | 416.40 (association or partnership) | [   ] | 416.90 (authorized person) |
| [   ] | 416.50 (public entity) | [   ] | 415.46 (occupant) |
| [   ] | other: | | |



Judicial Council Form POS-010
Rule 2.150.(a)&(b) Rev January 1, 2007

**PROOF OF<br>SERVICE<br>SUMMONS**

*7671973*
*(11826962 )*
**Page 1 of 2**

Exhibit A
60

| Attorney or Party without Attorney:<br>James R. Hawkins, Esq. (SBN 192925)<br>JAMES HAWKINS, APLC<br>9880 Research Drive, Suite 200<br>Irvine, CA 92618<br>Telephone No: (949) 387-7200 | | For Court Use Only |
|---|---|---|
| Attorney For: DYLON W. CRONON, individually and<br>on behalf of all others similarly<br>situated | Ref. No. or File No.:<br>FFE TRANSPORT | |

| Insert name of Court, and Judicial District and Branch Court:<br>Superior Court of the State of California for the County of San Joaquin |
|---|
| Plaintiff: DYLON W. CRONON, individually and on behalf of all others similarly<br>situated<br>Defendant: FFE TRANSPORTATION SERVICES, INC. dba FROZEN FOOD EXPRESS, a<br>Delaware Corporation |

| PROOF OF SERVICE<br>SUMMONS | Hearing Date: | Time: | Dept/Div: | Case Number:<br>STK-CV-UOE-2022-0006572 |
|---|---|---|---|---|

Recoverable cost Per CCP 1033.5(a)(4)(B)

7. **Person who served papers**
   a. Name: Douglas Forrest
   b. Address: **FIRST LEGAL**
      600 W. Santa Ana Blvd., Ste. 101
      SANTA ANA, CA 92701
   c. Telephone number: (714) 541-1110
   d. **The fee** for service was: $178.63
   e. I am:
      (1) ☐ not a registered California process server.
      (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
      (3) ☒ a registered California process server:
         (i) ☐ owner ☐ employee ☒ independent contractor
         (ii) Registration No: 5141
         (iii) County: Los Angeles

8. *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

| 09/21/2022 | |
|---|---|
| *(Date)* | *Douglas Forrest* |

FL FIRST LEGAL

# SUPERIOR COURT OF CALIFORNIA

**County of San Joaquin**
**180 E Weber Avenue**
**Stockton, CA 95202**

## NOTICE OF CASE ASSIGNMENT AND NOTICE OF HEARING

Case Number: **STK-CV-UOE-2022-0006572**

A Case Management Conference has been scheduled for your case as indicated below. A copy of this information must be provided with the complaint or petition, and with any cross-complaint that names a new party to the underlying action. Disregard hearing date if that date has expired.

| Hearing: Case Management Conference | Date: 01/25/2023 | Time:  8:30 AM Department:10C |
|---|---|---|
| **JUDGE** | **COURT LOCATION** | **PHONE Numbers:** |
| THIS CASE HAS BEEN ASSIGNED TO JUDGE JAYNE LEE IN DEPARTMENT 10C FOR ALL PURPOSES, INCLUDING TRIAL | Stockton | Stockton: 209-992-5693<br>Lodi:      209-992-5522 |

[ **X** ] ADR & Scheduling Information is available on the court website @ sjcourts.org/self-help

1.  You must:

    a.  **Serve** all named defendant's and file proofs of service on those defendants with the court Within 60 days of filing of the complaint. (CRC 3.110)

    b.  **File and serve** a completed Case Management Conference Statement (use of JC form CM-110 is mandatory) at least 15 days before the Case Management Conference.

    c.  **Meet and Confer,** in person or by telephone, to consider each of the issues identified in CRC 3.727 no later than 30 calendar days before the date set for the Case Management Conference. (CRC 3.724)

    d.  **Collection cases** are managed pursuant to CRC 3.740.

2.  Case Management Conferences, Law and Motion and Ex Partes will be held remotely unless ordered otherwise. For telephonic appearance phone numbers, information and instructions visit @ https://www.sjcourts.org/division/civil.

3.  If this case was eFiled, the plaintiff/petitioner or their attorney must access their copy of this notice and the issued summons for service from the court's case management system at the following link: cms.sjcourts.org/fullcourtweb/start.do.

4.  Courtesy Copies: Courtesy copies must be submitted as outlined in Local Rule 3-117. Courtesy copies (only) may be placed in the drop boxes located on the 10th and 11th floor. Courtesy copies can also be placed in the drop box located outside of the courthouse.

Visit our website @ www.sjcourts.org for more information regarding civil cases, local rules, and forms.

Date: 07/29/2022                                               Trudy Haley   ,Deputy Clerk

## NOTICE OF CASE ASSIGNMENT AND NOTICE OF HEARING

Exhibit A

# EXHIBIT "B"

BA20220134294



**STATE OF CALIFORNIA**
*Office of the Secretary of State*
**STATEMENT OF INFORMATION
CORPORATION**
California Secretary of State
1500 11th Street
Sacramento, California 95814
(916) 653-3516

| For Office Use Only |
| :---: |
| **-FILED-** |
| File No.: BA20220134294 |
| Date Filed: 4/28/2022 |

---

**Entity Details**

| | |
| --- | --- |
| Corporation Name | FFE TRANSPORTATION SERVICES, INC. |
| Entity No. | 1819283 |
| Formed In | DELAWARE |

**Street Address of Principal Office of Corporation**

| | |
| --- | --- |
| Principal Address | 3400 STONEWALL DRIVE<br>LANCASTER, TX 75134 |

**Mailing Address of Corporation**

| | |
| --- | --- |
| Mailing Address | 3400 STONEWALL DRIVE<br>LANCASTER, TX 75134 |
| Attention | |

**Street Address of California Office of Corporation**

| | |
| --- | --- |
| Street Address of California Office | None |

**Officers**

| Officer Name | Officer Address | Position(s) |
| --- | --- | --- |
| THOMAS DUFF | 3400 STONEWALL DRIVE<br>LANCASTER, TX 75134 | Chief Executive Officer |
| Terry W. Thornton | 3400 Stonewall Drive<br>Lancaster, TX 75134 | Secretary, Chief Financial Officer |

**Additional Officers**

| Officer Name | Officer Address | Position | Stated Position |
| --- | --- | --- | --- |
| None Entered | | | |

**Agent for Service of Process**

| | |
| --- | --- |
| California Registered Corporate Agent (1505) | C T CORPORATION SYSTEM<br>Registered Corporate 1505 Agent |

**Type of Business**

| | |
| --- | --- |
| Type of Business | Transportation of interstate commerce |

**Email Notifications**

| | |
| --- | --- |
| Opt-in Email Notifications | Yes, I opt-in to receive entity notifications via email. |

**Labor Judgment**

No Officer or Director of this Corporation has an outstanding final judgment issued by the Division of Labor Standards Enforcement or a court of law, for which no appeal therefrom is pending, for the violation of any wage order or provision of the Labor Code.

B0684-9658 04/28/2022 5:38 PM Received by California Secretary of State

Page 1 of 2

B0684-9659 04/28/2022 5:38 PM Received by California Secretary of State

Electronic Signature

☒  By signing, I affirm that the information herein is true and correct and that I am authorized by California law to sign.

*Brad Slenker*                                              *04/29/2022*
_____          _____
Signature                                                    Date

## PROOF OF SERVICE

1.    At the time of service I was at least 18 years of age and not a party to this legal action.

2.    My business address is 20944 Sherman Way Suite 215, Canoga Park, California 91303.

3.    I served copies of the following documents (specify the exact title of each document served):

**NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332(d); 1441 AND 1446**

4.    I served the documents listed above in item 3 on the following persons at the addresses listed:

| James R. Hawkins, Esq.<br>JAMES HAWKINS APLC<br>9880 Research Drive, Suite 200<br>Irvine, CA 92618 | Attorneys for Plaintiff |
|---|---|

5.    _x__    **By United States Mail**.  I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 4 and (*specify one*): (1) _x__  placed the envelope for collection and mailing on the date shown below, following our ordinary business practices.  I am readily familiar with this business's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

///

///

6.    I served the documents by the means described in item 5 on (date): October 19, 2022.

I declare that I am a member of the Bar of the United States District Court, Eastern District of California. I declare under penalty of perjury that the foregoing is true and correct.

| 10/19/2022 | Zena Kalioundji | *Zena Kalioundji* |
|------------|-----------------|-------------------|
| DATE | (TYPE OR PRINT NAME) | (SIGNATURE) |

**NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C.
§§1332(d); 1441; AND 1446**